### UNITED STATES DISTRICT COURT
### OF THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| **MARJORIE TAYLOR GREENE**, an individual,<br><br>*Plaintiff*,<br><br>*v.*<br><br>**MR. BRAD RAFFENSPERGER**, in his official capacity as Georgia Secretary of State, **MR. CHARLES R. BEAUDROT,** in his official capacity as an Administrative Law Judge for the Office of State Administrative Hearings for the State of Georgia, **JOHN DOE 1**, in his official capacity, and **GOVERNMENT ENTITY 1**, *Defendants*. | **Civ. No.** |

# Plaintiff's Verified Complaint for Declaratory and Injunctive Relief

Plaintiff Marjorie Taylor Greene ("**Rep. Greene**") complains against

Defendants as follows:

**Ver. Compl. for**
**Decl. and Inj. Relief**     1

# Introduction

1.   This is a civil action for declaratory and injunctive relief arising under the First and Fourteenth Amendments of the Constitution of the United States, under 42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142, as well as 42 U.S.C. §§ 1983 and 1988.

2.   This civil action concerns the constitutionality of Georgia law, which Rep. Greene is subject to and which has been applied against her. *See generally*  Ga. Code Ann. § 21-2-5 (West) ("**Challenge Statute**"). This state law allows any elector who is eligible to vote for a candidate to "challenge the qualifications of the candidate by filing a written complaint with the Secretary of State giving the reasons why the elector believes the candidate is not qualified to seek and hold the public office for which he or she is offering." *Id.* at (b).

3.   Rep. Greene cannot be subject to a Challenge under Section Three of the Fourteenth Amendment to the U.S. Constitution because of the constitutional and federal law violations described herein.

# Jurisdiction and Venue

4.   This action arises under 42 U.S.C §§ 1983 and 1988 to redress the deprivation

**Ver. Compl. for
Decl. and Inj. Relief**                    2

under color of state law of rights secured by the Constitution of the United States and under federal law.

5.   This Court has original subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3).

6.   Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391(b), and in the Atlanta Division under Local Civ. R. 3.1, because the giving rise to the claim occurred within this district and division.

7.   This Court has the authority to provide declaratory relief under 28 U.S.C. §§ 2201 and 2202 and under Rule 57 of the Federal Rules of Civil Procedure.

8.   This Court has the authority to provide preliminary and permanent injunctive relief under Rule 65 of the Federal Rules of Civil Procedure.

9.   This Court has personal jurisdiction over Defendants because they have made and established contacts within the State to permit the exercise of personal jurisdiction over them.

## Parties

10. Rep. Greene resides in Rome, Georgia, and currently serves as a Member of the U.S. House of Representative, for Georgia's 14th Congressional District. Rep.

**Ver. Compl. for**
**Decl. and Inj. Relief**          3

Greene filed her candidacy, for the upcoming Georgia Primary Election, for Georgia's14th Congressional District, on March 7, 2022.

11. Defendant Brad Raffensperger ("**Sec. Raffensperger**") is sued in his official capacity as the Georgia Secretary of State. In Sec. Raffensperger's official capacity, it is his responsibility: to notify the candidate who has been challenged; to request a hearing on the challenge before an administrative law judge ("**ALJ**") of the Office of State Administrative Hearings ("**OSAH**"), and ultimately to determine if the candidate is qualified to seek and hold the public office for which such candidate is offering. Ga. Code Ann. § 21-2-5(b)(c). Sec. Raffensperger is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this Complaint.

12. Defendant Charles R. Beaudrot ("**ALJ Beaudrot**") is an ALJ for the OSAH. In his official capacity, he has been assigned to preside over the OSAH hearing on the challenge to Rep. Greene's candidacy and to report his findings to Sec. Raffensperger after this hearing. ALJ Beaudrot is a person within the meaning of 42 U.S.C. § 1983 and was acting under color of state law at all times relevant to this Complaint.

**Ver. Compl. for**
**Decl. and Inj. Relief**                    4

13. Upon information and belief, Defendants John Doe 1 and Government Entiy 1 have responsibilities in their official capacities to oversee the administration of the challenge to Rep. Greene's candidacy. The identities and precise residencies of John and Government Entity are presently unknown to Rep. Greene and could not be ascertained prior to filing this Complaint. Rep. Greene will amend this complaint to add the true names and capacities of John Doe and Government when their identities are known.

# Facts

## Challenge Statute

14. Under Georgia law, any elector  ("**Challenger**") who is eligible to vote for a Candidate may "challenge the qualifications of the candidate by filing a written complaint with the Secretary of State giving the reasons why the elector believes the candidate is not qualified to seek and hold the public office for which he or she is offering."("**Challenge**") Ga. Code Ann. § 21-2-5(b).

15. A Challenge must be filed with the Secretary of State within two weeks after the deadline set for candidates to qualify. *Id.*

16. The Challenger must file a "written complaint with the Secretary of State

**Ver. Compl. for**
**Decl. and Inj. Relief**                   5

giving the reasons why the [Challenger] believes the candidate is not qualified to seek and hold the public office for which he or she is offering. *Id.*

**Challenge Process**

**A.  Notification and Request for Hearing**

17. Once a Challenger files a Challenge under Georgia law, the Secretary of State must "notify the candidate in writing that his or her qualifications are being challenged and the reasons therefor and shall advise the candidate that he or she is requesting a hearing on the matter" before an ALJ at OSAH. *Id.* ("**Challenge Hearing**").

**B.  Conduct of OSAH hearing and burden of proof**

18. The Challenge Hearing before the ALJ will be conducted according to Georgia's Administrative Procedure for the OSAH and according to rules and regulations promulgated under that procedure. Ga. Code Ann. tit. 50, Ch. 13, art. 2, *et seq*.

19.   The ALJ for the OSAH has the power to:

- administer oaths and affirmations;
- sign and issue subpoenas;
- rule upon offers of proof;

**Ver. Compl. for**
**Decl. and Inj. Relief**          6

- regulate the course of the hearing;

- set the time and place for continued hearings;

- fix the time for filing briefs;

- dispose of motions to dismiss for lack of agency jurisdiction over the subject matter or parties or for any other ground;

- dispose of motions to amend or to intervene;

- provide for the taking of testimony by deposition or interrogatory;

- reprimand or exclude from the hearing any person for any indecorous or improper conduct committed in the presence of the agency or the hearing officer;

- impose civil penalties; and

- "shall have all the powers of the ultimate decision maker in the agency with respect to a contested case."

Ga. Code Ann. § 50-13-41(a)(2), (b).

20.  In the Challenge Hearing, the "entire burden" is placed upon the Candidate "to affirmatively establish his eligibility for office." *Haynes v. Wells*, 273 Ga. 106, 108-09 (2000).

21. Within 30 days after the close of the record, the ALJ "shall issue a decision to all parties in the case." Ga. Code Ann. § 50-13-41(c). The ALJ's decision must "contain findings of fact, conclusions of law, and a disposition of the case." *Id.*

**C.  Secretary of State Review and Decision**

22. After the ALJ issues a decision on the Challenge, the Secretary of State will

**Ver. Compl. for**
**Decl. and Inj. Relief**                   7

review this decision—treating it as an initial decision under Georgia law. *Id.* at

(d)(2). On review, the reviewing agency shall consider the whole record or such

portions of it as may be cited by the parties. When reviewing the ALJ's initial

decision, the Secretary of State "shall give due regard to the [ALJ's] opportunity

to observe witnesses. If the [Secretary of State] rejects or modifies a proposed

finding of fact or a proposed decision, it shall give reasons for doing so in writing

in the form of findings of fact and conclusions of law." *Id.*

23. The Secretary of State has 30 days following the entry of the decision by the

ALJ to "reject or modify such decision." *Id.* (d)(3). If the Secretary of State does

not reject or modify the ALJ's decision within that 30 day period, the ALJ's

decision is affirmed by operation of law. *Id.*

24. Based upon the consideration of the ALJ's initial decision, the Secretary of

State "shall determine if the candidate is qualified to seek and hold the public

office for which such candidate is offering." Ga. Code Ann. § 21-2-5(c).

**D.  Effect of Secretary of State Disqualification**

25. If the Secretary of State determines the Candidate is not qualified, he "shall

withhold the name of the candidate from the ballot or strike such candidate's name

from the ballot if the ballots have been printed. If there is insufficient time to strike the candidate's name or reprint the ballots, a prominent notice shall be placed at each affected polling place advising voters of the disqualification of the candidate and all votes cast for such candidate shall be void and shall not be counted." *Id.*

**E.  Appeals**

26. Either the Challenger or the Candidate has the right to appeal the decision of the Secretary of State "by filing a petition in the Superior Court of Fulton County within ten days after the entry of the final decision by the Secretary of State." *Id.*(e). "An aggrieved party may obtain a review of any final judgment of the superior court by the Court of Appeals or the Supreme Court, as provided by law." *Id.*

27. The appellate review "shall be conducted by the court without a jury and shall be confined to the record. The court shall not substitute its judgment for that of the Secretary of State as to the weight of the evidence on questions of fact." *Id.* The court may modify or reverse the decision of the Secretary of State if "substantial rights of the appellant have been prejudiced because the findings, inferences,

**Ver. Compl. for**
**Decl. and Inj. Relief**                              9

conclusions, or decisions of the Secretary of State are:

(1) In violation of the Constitution or laws of this state;

(2) In excess of the statutory authority of the Secretary of State;

(3) Made upon unlawful procedures;

(4) Affected by other error of law;

(5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or

(6) Arbitrary or capricious or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

*Id.*

**Greene Challenge**

28. Rep. Greene currently serves as a Member of the U.S. House of Representative, for Georgia's 14th Congressional District.

29. Rep. Greene filed her candidacy, for the upcoming midterm elections, for Georgia's 14th congressional district on March 7, 2022.

30. On March 24, 2022, several Challengers filed a Challenge against Rep. Greene with the Secretary of State.[1]

─────────────

[1] Rep. Greene's candidacy filing used an out of date email address that is no longer regularly checked. Because of this, Rep. Greene did not receive actual notice of the Challenge from the Secretary of State until March 31, 2022.

**Ver. Compl. for**
**Decl. and Inj. Relief**          10

31. The Greene Challenge stated that Rep. Greene "does not meet the federal constitutional requirements for a Member of the U.S. House of Representatives and is therefore ineligible to be a candidate for such office." Greene Challenge, Ex. A, ¶ 1.

32. The Greene Challenge was based upon claims that Rep. Greene "aided and engaged in insurrection to obstruct the peaceful transfer of presidential power, disqualifying her from serving as a Member of Congress under Section 3 of the 14th Amendment and rendering her ineligible under state and federal law to be a candidate for such office." *Id.*

33. The Greene Challenge has been referred by Sec. Raffensperger to ALJ Beaudrot at OSAH.

34.  In addition to their Challenge,  Petitioners filed a notice to produce documents and a notice to take Rep. Greene's deposition. Exs. B and C. Both of these notices were filed with ALJ Beaudrot on March 28, 2022, but were not received by Rep. Greene until March 31, 2022.

35. On March 30, 2022, ALJ Beaudrot ordered Rep. Greene to respond to Petitioner's motions by noon on April 4, 2022. Order Shortening Response Period,

**Ver. Compl. for**
**Decl. and Inj. Relief**                 11

Ex. D.  As noted, Rep. Greene only received the Secretary of State's notice of the

Challenge on March 31, 2022, *supra*, n. 1, which is the same date she received all

of the notices and orders from ALJ Beaudrot.

36. Because Rep. Greene did not receive actual notice of the Challenge from Sec.

Raffensperger and the notices and orders from ALJ Beaudrot until March 31,

2022, the earliest date in which she could file this matter in this Court is today,

April 1, 2022.

37. Rep. Greene vigorously denies that she "aided and engaged in insurrection to

obstruct the peaceful transfer of presidential power," but this litigation is not based

in Rep. Greene's factual defenses. Instead, this matter is before the Court based

upon various constitutional and legal challenges to the Georgia Challenge Statute

itself and its application here.

**<u>Georgia Primary</u>**

38. The Georgia Primary Election is scheduled to take place on May 24, 2022.[2]

Counties may begin mailing absentee ballots as soon as April 25, 2022. *Id.* These

ballots have to be printed in advance of mailing. As a practical matter, it is

---

[2]https://sos.ga.gov/sites/default/files/forms/2022%20State%20Scheduled%20Elections%20Short%20Calendar.pdf

**Ver. Compl. for**
**Decl. and Inj. Relief**          12

virtually impossible to fully adjudicate the Greene Challenge, including all appeals as of right, before at least these absentee ballots are printed, and likely not before they are mailed.

## Standing

39. For there to be a case or controversy under Article III, the plaintiff must have a "personal stake" in the case—in other words, standing. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021).

40. For a plaintiff to establish standing under Article III, he must (1) have suffered an "injury in fact"; (2) that is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

41. Here, Rep. Greene meets all three Article III standing requirements under *Lujan*.

42. As a candidate for Congress, Rep. Greene  is subject to the Challenge Statute's provisions, and, in fact, was challenged under the statute. If successful, a Challenge to her candidacy would prevent her from running for Congress.

**Ver. Compl. for**
**Decl. and Inj. Relief**          13

43. Citizens have a constitutionally protected right to run for public office. *Cook v. Randolph Cty.*, Ga., 573 F.3d 1143, 1152 (11th Cir. 2009), which is quintessential First Amendment activity. Her potential injury is not in any way hypothetical—not only is Rep. Greene subject to the Challenge Statute, a Challenge was recently filed against her.

44. The Secretary of State has the power to prevent Rep. Greene's name from appearing on the ballot, striking her name from already printed ballots, or , placing a "prominent notice" at each polling place in the 14th Congressional District, which would advise voters of Rep. Greene's  disqualification and that all votes cast for her will be voided and not counted.  Ga. Code Ann. § 21-2-5(c).

45. Rep. Greene's potential disqualification from running for office on the basis of a successful Challenge Statute is directly traceable to Sec. Raffensperger's and ALJ Beaudrot's actions and responsibilities under the Challenge Statute.

46. Under the Challenge Statute, the ALJ has the authority to initially determine, after a hearing, whether the challenged Candidate is disqualified from running for that office. Ga. Code Ann. § 50-13-41(c).

47. The Secretary of State has the authority to "determine if the candidate is

**Ver. Compl. for**
**Decl. and Inj. Relief**          14

qualified to seek and hold the public office for which such candidate is offering."
Ga. Code Ann. § 21-2-5(c).

48. The decision of the Secretary of State is adjudicatory and is appealable to the
Superior Court of Fulton County and then by the Court of Appeals or the Supreme
Court, as provided by law. *Id.*(e).

49. In this way, Rep. Greene's constitutional injuries, as detailed herein, are
directly traceable to government actors, via enforcement by the Secretary of State
and subsequent appellate decisions by the Georgia State Court system.

## *Younger* Abstention

50. Federal courts abstain from jurisdiction whenever federal claims have been or
could be presented in ongoing state judicial proceedings that concern important
state interests—this principle of abstention is known as the *Younger* abstention
doctrine. *See generally Younger v. Harris*, 401 U.S. 37 (1971).

51. Where vital state interests are involved, a federal court should abstain "unless
state law clearly bars the interposition of the constitutional claims." *Middlesex
Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

52. Here, even though state proceedings are ongoing, the *Middlesex* exception to

**Ver. Compl. for**
**Decl. and Inj. Relief**         15

*Younger* applies because Georgia state law "clearly bars the interposition of the constitutional claims." The judicial power of Georgia is fully vested in the judicial branch of the state government. Ga. Const. art. VI, § 1, ¶ I. Neither the Secretary of State nor the ALJ has the power under the Challenge Statute to determine the constitutional and federal law questions at issue here.

53. Therefore, Rep. Greene would be subject to burdensome factual discovery and administrative adjudication on the basis of those facts before her constitutional and federal law claims could be addressed by the courts in Georgia. Rep. Greene would sustain all of these administrative processes and burdens while also campaigning for the May 24, 2022, Georgia Primary, with absentee ballots for that Primary being mailed as soon as April 25, 2022.

## COUNT I:
**The Challenge Statute's Provision triggering a government investigation based solely upon a Challenger's "belief" that Rep. Greene is unqualified violates Rep. Greene's First Amendment right to run for political office.**
**First Amendment Violation**
**U.S. Const. Amend. 1**
**(42 U.S.C. § 1983)**

54. Running for political office is quintessential First Amendment activity and afforded great protection. *See Clements v. Fashing*, 457 U.S. 957, 985 (1982),

**Ver. Compl. for**
**Decl. and Inj. Relief**          16

(Brennan J., dissenting) (finding "[pursuing political office] is clearly protected by the First Amendment and restrictions on it must be justified by the State's interest in ensuring the continued proper performance of current public duties"); *Cook*, 573 F.3d at 1152.

**55.** When an individual files a Challenge under the Challenge Statute, it automatically triggers the Secretary of State's request for a hearing by an OSAH ALJ. Ga. Code Ann. § 21-2-5(c).

56. Both the Secretary of State and the OSAH are authorized to carry out their statutorily defined powers and are therefore government actors, required to act within the boundaries of the U.S. Constitution. *Id.*

57. When a Challenge is filed under the Challenge Statute, the Challenger is only required to filed a written statement why he or she believes the Candidate is disqualified from running for office. *Id.*

58. When someone is exercising her First Amendment rights, mere "belief" is not enough to infringe on the fundamental right concerned. A Challenged Candidate is barred from the ballot unless and until she succeeds at a hearing in which she must defend herself in formal process—indeed, must affirmatively overcome

**Ver. Compl. for**
**Decl. and Inj. Relief**                         17

challenger's claims—without the critical procedural safeguard of this legal gauntlet being constrained by probable cause or any other standard. Government action against nude dancing—which "falls only within the outer ambit of the First Amendments's protection," *City of Erie v. Pap's A.M.*, 529 U.S. 277, 289 (2000), "'avoids constitutional infirmity only if it takes place under procedural safeguard[ of probable cause,] designed to obviate the dangers of [infringement of free speech]." *Alexis, Inc. v. Pinellas Cty., Fla.*, 194 F. Supp. 2d 1336, 1347 (M.D. Fla. 2002) (quoting *Southeastern Promotions, Ltd. v. Conrad*, 420 U.S. 546, 558 (1975)). How much more must an individual's right to run for office be protected by procedural safeguards of the highest magnitude?

59. This provision of the Challenge Statute triggering a government investigation based only upon a Challenger's belief violates Rep. Greene's First Amendment right to run for political office.

**Ver. Compl. for**
**Decl. and Inj. Relief**          18

## COUNT II:

**The provision of the Challenge Statute which shifts the burden of proving a negative to the Candidate, as applied to any Challenge under Section Three of the Fourteenth Amendment, violates the Due Process Clause of the Fourteenth Amendment.**
**Due Process Violation**
**U.S. Const. Amend. XIV**
**(42 U.S.C. § 1983)**

60.     A Challenge may be issued by a qualified voter based upon a mere *belief* that a Candidate does not meet the constitutional or statutory qualifications for the office. Ga. Code Ann. § 21-2-5(c).

61. When a Candidate is subject to a Challenge, the "entire burden" is placed upon the Candidate "to affirmatively establish his eligibility for office." *Haynes v. Wells*, 273 Ga. 106, 108-09 (2000).

62. In the case of a Challenge based upon residency or age, the proof the Candidate must provide is relatively straightforward—documents showing a change of address or his or her date of birth could easily be provided by the Candidate.

63. The same is not true for a Challenge, such as the Challenge here, which was brought under the "disqualification clause," Section Three, of the Fourteenth Amendment. Rep. Greene, under the Challenge Statute, would be required to

**Ver. Compl. for**
**Decl. and Inj. Relief**                    19

prove by a preponderance of evidence that she didn't "aide[ ] and engage[ ] in insurrection to obstruct the peaceful transfer of presidential power." Such burden shifting is unconstitutional under the Due Process Clause of the Fourteenth Amendment.

64. When processes implicate free speech, "the operation and effect of the method by which speech is sought to be restrained must be subjected to close analysis and critical judgment in the light of the particular circumstances to which it is applied." *Speiser v. Randall*, 357 U.S. 513, 520 (1958) (internal citations omitted).

65. Here, Rep. Greene is required to produce countervailing evidence to prove a negative (i.e., she did not engage in an insurrection), based upon nothing more than the Challenger's "belief." Such a burden shifting requirement, as applied to Rep. Greene here, violates her constitutional rights to Due Process Clause under the Fourteenth Amendment.

## COUNT III
**The Challenge Statute usurps the U.S. House of Representative's power to make an independent, final judgment on the qualifications of its Members, so it violates**
**U.S. Const. Art. 1, § 5 of the U.S. Constitution.**
**(42 U.S.C. § 1983)**

66. Each House shall be the Judge of the Elections, Returns and Qualifications of

**Ver. Compl. for**
**Decl. and Inj. Relief**            20

its own Members, and a Majority of each shall constitute a Quorum to do Business; but a smaller Number may adjourn from day to day, and may be authorized to compel the Attendance of absent Members, in such Manner, and under such Penalties as each House may provide. U.S. Const. art. I, § 5, cl. 1.

67. This exclusive role forms the basis for the Supreme Court's reasoning in *Roudebush v. Hartke*. 405 U.S. 15 (1972). The Court found that the State of Indiana had broad power to regulate the election of Senators, which included conducting and overseeing recounts because that power didn't "frustrate the Senate's ability to make an independent final judgment." *Id*. at 24-26.

68. Here, the Challenge Statute permits the State of Georgia to make its own independent evaluation of whether a Candidate is constitutionally qualified to be elected to the U.S. House of Representatives or Senate. Ga. Code Ann. § 21-2-5(c).

69. This function reaches far beyond the State's authority to regulate its elections, conduct counts and recounts of votes, and other administrative functions allowed by our system of federalism.

70. Georgia cannot invade or frustrate the House of Representative's ability to

**Ver. Compl. for**
**Decl. and Inj. Relief**          21

make its independent, final judgment of the qualifications of a Member.

71. Because the Challenge Statute directly usurps Congress' constitutional

responsibilities, it violates Article 1, § 5 of the U.S. Constitution.

# COUNT IV
### The Challenge Section, as applied to Rep. Greene under Section Three of the Fourteenth Amendment, violates federal law.
### 42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142

72. Section Three of the Fourteenth Amendment reads,

> No person shall be a Senator or Representative in Congress, or elector of President and Vice President, or hold any office, civil or military, under the United States, or under any State, *who, having previously taken an oath, as a member of Congress*, or as an officer of the United States, or as a member of any State legislature, or as an executive or judicial officer of any State, to support the Constitution of the United States, *shall have engaged* in insurrection or rebellion against the same, or given aid or comfort to the enemies thereof. *But Congress may by a vote of two-thirds of each House, remove such disability*.

U.S. Const. amend. XIV, § 3 (emphasis added).

73. Of course Congress does not have the power to "repeal" a constitutional

Amendment, but the plain language of the Amendment itself gave Congress the

power to remove this particular political disability.

74. The Amnesty Act of 1872, reads, "all political disabilities imposed by the third

section of the fourteenth amendment to the Constitution of the United States are hereby removed from all persons whomsoever, except Senators and Representatives of the thirty-sixth and thirty-seventh Congresses, officers in the judicial, military, and naval service of the United States, heads of departments, and foreign ministers of the United States." United States Statutes at Large, 42 Cong. Ch. 194, May 22, 1872, 17 Stat. 142 ("**1872 Act**").

75. The plain language of the 1872 Act removed the political disability of Section Three from any Representative other than those of the 36th or 37th Congresses.

76. Rep. Greene is a Member of the 117th Session of Congress, so the 1872 Act removed the ability to apply Section Three to Rep. Greene.

77. Since Section Three does not apply to Rep. Greene (or any Member holding office after the 37th Congress), the application of Section Three to Rep. Greene is prohibited by federal law.

## Prayer for Relief

**WHEREFORE**, Plaintiff prays for the relief set forth below:

1.   Declare that the Challenge Statute is unconstitutional under the First Amendment because a Challenger's mere "belief" that a Candidate is disqualified

**Ver. Compl. for**
**Decl. and Inj. Relief**                    23

is insufficient justification to trigger a government investigation.

2.   Declare that the burden shifting provision of the Challenge Statute is unconstitutional under the Due Process Clause of the Fourteenth Amendment because it requires Rep. Greene to prove a negative, as applied to any Challenge under Section Three of the Fourteenth Amendment.

3.   Declare that the Challenge Statute is also unconstitutional under Article 1, § 5 of the U.S. Constitution because Congress is the exclusive judge of the qualifications of its Members.

4.   Declare that the application of Section Three of the Fourteenth Amendment to Rep. Greene is prohibited by federal law.

5.   Preliminarily and permanently enjoin Defendants from enforcing the Challenge Statute against Rep. Greene and disqualifying her under Section Three of the Fourteenth Amendment from being a candidate for Congress in Georgia.

6.   Award all costs and expenses of bringing this action, including attorneys' fees, costs, and expenses; and

7.   Grant any other relief this Court deems appropriate.

**Ver. Compl. for
Decl. and Inj. Relief**          24

## Verification

I, Marjorie Taylor Greene, declare as follows:

1.    I am a resident of Georgia.

2.    If called upon to testify, I would testify competently as to the matters set forth in the foregoing *Verified Complaint for Declaratory and Injunctive Relief*.

3.    I verify under penalty of perjury under the laws of the United States of America that the factual statements in the *Verified Complaint for Declaratory and Injunctive Relief* concerning me and my past and intended activities are true and correct to the best of my knowledge and understanding. 28 U.S.C. § 1746.

Executed on: March 31, 2022.

Marjorie Taylor Greene

Dated: April 1, 2022                         Respectfully Submitted,

/s/ Kurt R. Hilbert                          /s/ James Bopp, Jr.
Kurt Hilbert, GA Bar No.                     James Bopp, Jr., Ind. Bar No. 2838-
352877                                       84*
THE HILBERT LAW FIRM, LLC                    Melena S. Siebert, Ind. Bar No.
205 Norcross Street                          35061-15*
Roswell, GA 30075                            THE BOPP LAW FIRM
T: 770-551-9310                              1 South 6th Street
F: 770-551-9311                              Terre Haute, Indiana 47807
khilbert@hilbertlaw.com                      Telephone: (812) 232-2434
*Local Counsel for Plaintiff*                Facsimile: (812) 235-3685
                                             jboppjr@aol.com
                                             msiebert@bopplaw.com
                                             * Motions for *Pro hac vice* admission
                                             forthcoming
                                             *Attorneys for Plaintiff*

**Ver. Compl. for**
**Decl. and Inj. Relief**          25