# UNITED STATES DISTRICT COURT
# OF THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **MARJORIE TAYLOR GREENE**, an individual, *Plaintiff*, v. **MR. BRAD RAFFENSPERGER**, in his official capacity as Georgia Secretary of State, **MR. CHARLES R. BEAUDROT,** in his official capacity as an Administrative Law Judge for the Office of State Administrative Hearings for the State of Georgia, **JOHN DOE 1**, in his official capacity, and **GOVERNMENT ENTITY 1**, *Defendants*. | **Civ. No.** |

## Plaintiff's Emergency Motion for Temporary Restraining Order

Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff Marjorie Taylor Greene ("**Rep. Greene**") moves for a temporary restraining order to enjoin Defendants Mr. Brad Raffensperger, Mr. Charles R. Beaudrot, John Doe 1, and Government Entity 1 from enforcing Ga. Code Ann. § 21-2-5 ("**Challenge Statute**") made against her based on Section Three of the Fourteenth Amendment

**Pl.'s Mot. for TRO**

to the U.S. Constitution. ECF No. 1-1.

Pursuant to Rule 65(b)(1), the specific facts in Plaintiff's Verified Complaint and in Rep. Greene's Memorandum in Support of this Motion "clearly show that immediate and irreparable injury, loss, or damage will result to [Rep. Greene] before the [Defendants] can be heard in opposition," These verified facts support a good cause to grant this emergency motion:

- Even though Rep. Greene filed her candidacy on March 7, 2022, ECF No. 1, ¶ 29, the Challengers did not file their Challenge to her candidacy until March 24, 2021. *Id.* at ¶ 30.

- Rep. Greene's candidacy filing used an out of date email address that is no longer regularly checked. Because of this, Rep. Greene did not receive actual notice of the Challenge from the Secretary of State until March 31, 2022. *Id.* at n. 1.

- In addition to their Challenge, Petitioners filed a notice to produce documents and a notice to take Rep. Greene's deposition. ECF No. 1-2, 1-3. Both of these notices were filed with ALJ Beaudrot on March 28, 2022, but were not received by Rep. Greene until March 31, 2022. ECF No. 1, ¶ 34.

- On March 30, 2022, ALJ Beaudrot ordered Rep. Greene to respond to

**Pl.'s Mot. for TRO**

    Petitioner's motions by noon on April 4, 2022. ECF No. 1-4. Rep. Greene only received all of the notices and orders from ALJ Beaudrot yesterday, on March 31, 2022.

- The Georgia Primary Election is scheduled to take place on May 24, 2022.[1] Counties may begin mailing absentee ballots as soon as April 25, 2022. *Id.* These ballots have to be printed in advance of mailing. As a practical matter, it is virtually impossible to fully adjudicate the Greene Challenge, including all appeals as of right, before at least these absentee ballots are printed, and likely not before they are mailed. ECF No. 1, ¶ 38.

    In addition, Rep. Greene's attorneys hereby certify that the named Defendants have been notified of this action and this Motion via email on the same day it was filed with this Court. *Id.*

    The fundamental rights of an individual to run for political office, to not be subject to the burden to "prove" her innocence; and the proper role of Congress and the State's authority consistent with the Constitution are at stake in this litigation.

---

[1] https://sos.ga.gov/sites/default/files/forms/2022%20State%20Scheduled%20Elections%20Short%20Calendar.pdf

**Pl.'s Mot. for TRO**

Rep. Greene has standing in this litigation as she has suffered an injury in fact which is traceable to the Secretary of State's enforcement of the Challenge Statute, and her injury is redressable by an injunction of the same. The *Younger* abstention doctrine does not apply hear because the the Secretary of State has no authority to decide the constitutional issues before this Court, and the issues at bar weigh in favor of resolution by this Court.

The Challenge Statute's provision allows a Challenge to Rep. Greene's "qualifications" to be a Candidate for Congress based upon only a Challenger's "belief" regarding her alleged disqualification. This provision violates Rep. Greene's First Amendment rights in the same way a peaceful protestor's rights would be violated if arrested based upon a reasonable suspicion.

The Challenge Statute's burden shifting provision violates the Due Process Clause of the Fourteenth Amendment by requiring Rep. Greene prove a negative (i.e., that she did not engage in insurrection).

The power in the Challenge Statute reaches far beyond the State's authority to regulate its elections, conduct counts and recounts of votes, and other administrative functions allowed by our system of federalism. Georgia cannot frustrate the House of Representative's ability to make its independent, final

judgment of the qualifications of a Member. Because the Challenge Statute directly usurps Congress' constitutional responsibilities, it violates Article 1, § 5 of the U.S. Constitution.

Congress used its constitutionally specified authority to remove the political disability found in Section Three of the Fourteenth Amendment from any Representative other than those who served during the 36th and 37th Congresses. Rep. Greene is a Member of the 117th Session of Congress, so the 1872 Act removed the ability to apply Section Three to Rep. Greene. Since Section Three does not apply to Rep. Greene (or any Member holding office after the 37th Congress), the application of Section Three to Rep. Greene is prohibited by federal law.

Because Rep. Greene is likely to succeed on the merits of her constitutional claims; she would be irreparably harmed by the unconstitutional enforcement of the Challenge Statute; the balance of harms favors Rep. Greene; and the public interest is served by enjoining unconstitutional statutes, this Court should enjoin the Secretary of State's ability to enforce the Challenge Statue against Rep. Greene and disqualifying her under Section Three of the Fourteenth Amendment from being a candidate for Congress in Georgia.

**Pl.'s Mot. for TRO**

Given the importance of the constitutional rights involved, this Court's granting of a temporary restraining order will allow for consideration of Rep. Greene claims, will temporarily protect Rep. Greene from an administrative process to which she just received actual notice yesterday and which will subject her to unconstitutional and unlawful procedures. Perhaps most importantly, granting a temporary restraining order will protect the voters of Georgia from undue chaos mere weeks before its Primary Election.

Pursuant to Federal Rule of Civil Procedure 65(b), all Defendants have been issued Notice of this Motion via email and via service.

**WHEREFORE**, Plaintiff prays this Court grant Plaintiffs' Emergency Motion for a Temporary Restraining Order enjoining the application of the Challenge Statute against Rep. Greene and disqualifying her under Section Three of the Fourteenth Amendment from being a candidate for Congress in Georgia.

**Pl.'s Mot. for TRO**

Dated: April 1, 2022

/s/ Kurt R. Hilbert
Kurt Hilbert, GA Bar No. 352877
THE HILBERT LAW FIRM, LLC
205 Norcross Street
Roswell, GA 30075
T: 770-551-9310
F: 770-551-9311
khilbert@hilbertlaw.com
*Local Counsel for Plaintiff*

Respectfully Submitted,

/s/ James Bopp, Jr.
James Bopp, Jr., Ind. Bar No. 2838-84*
Melena S. Siebert, Ind. Bar No. 35061-15*
THE BOPP LAW FIRM
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Facsimile: (812) 235-3685
jboppjr@aol.com
msiebert@bopplaw.com
* Motions for *Pro hac vice* admission forthcoming
*Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on April 1, 2022, a copy of the foregoing document was served upon the following persons by email, and Defendants were served according the Federal Rules of Civil Procedure:

Hon. Brad Raffensperger
Secretary of State
214 State Capitol
Atlanta, Georgia 30334

General Counsel for Georgia Secretary of State:

Ryan Germany, Esq.
rgermany@sos.ga.gov
soscontact@sos.ga.gov

Attorney General Chris Carr
Georgia Office of the Attorney General
40 Capitol Square SW
Atlanta, GA 30334, United States
ccarr@law.ga.gov

ALJ judicial assistant:

Mr. Devin Hamilton
Hon. Charles R. Beaudrot, Jr.
225 Peachtree Street, NE
Suite 400, South Tower
Atlanta, Georgia 30303
devinh@osah.ga.gov
cbeaudrot@osah.ga.gov

OSAH-Office of State Administrative Hearings
225 Peachtree Street, NE
Suite 400, South Tower
Atlanta, Georgia 30303

Known Counsel in ALJ proceeding:

Ronald A. Fein
John C. Bonifaz
Ben Clements
Courtney Hostetler
Benjamin Horton
1320 Centre St #405
Newton, MA 02459
617-244-0234
rfein@freespeechforpeople.org

Jonathan S. Abady
Andrew G. Celli Jr
Sam Shapiro
Andrew K. Jondahl
699 Fifth Avee 10th Fl
New York, NY 10020

Bryan L. Sells
PO Box 5493
Atlanta, GA 31107
404-480-4212
bryan@bryansellslaw.com

Steven Ellis
2 MLK Jr Drive SE
Ste 802, West Tower
Atlanta, Ga 30334

/s/ Kurt R. Hilbert
Attorney for Plaintiff

**Pl.'s Mot. for TRO**

10