IN THE OFFICE OF STATE ADMINISTRATIVE HEARINGS
STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID ROWAN, | : | DOCKET NUMBER: 2222582 |
| DONALD GUYATT, | : | 2222582-OSAH-SECSTATE-CE-57-Beaudrot |
| ROBERT RASBURY | : | |
| RUTH DEMETER, | : | Agency Reference No.: 2222582 |
| DANIEL COOPER, | : | |
| Petitioners, | : | |
| v. | : | |
| | : | |
| MARJORIE TAYLOR GREENE, | : | |
| | : | |
| Respondent. | : | |

## MOTION TO TAKE PARTY DEPOSITION

Comes now BRYAN SELLS, attorney of record for Petitioners David Rowan, Donald Guyatt, Robert Rasbury, Ruth Demeter, and Daniel Cooper in the above-captioned matter, and respectfully requests an order, pursuant to Rules 616-1-2-.16 and 616-1-2-.20 of the Administrative Rules of Procedure ("Administrative Rules"), directing Respondent Marjorie Taylor Greene to appear for a deposition on April 11, 2022, at 10:00 a.m., at a mutually agreeable location.

In light of the expedited schedule in this proceeding and the April 13, 2022 hearing date, Petitioners request, pursuant to Administrative Rule 616-1-2-.16(2), that an order be entered directing Respondent Greene to file any response to this motion no later than April 1, 2022, and Petitioners request an expedited ruling on this motion, pursuant to Administrative Rule 616-1-2-.16(3).

Petitioners request a hearing on the instant motion, pursuant to Administrative Rule 616-1-2-.16(5).

Ex. C Notice to Take Party Deposition

Administrative Rule 616-1-2-.20(1) authorizes an Administrative Law Judge to "order that the testimony of a witness is to be taken by deposition" in a proceeding such as this. *Cf.* Ga. Code Ann. § 9-11-30 (in a civil action, a party may as a matter of right "take the testimony of any person, including a party, by deposition upon oral examination").

Respondent Marjorie Taylor Greene is in unique possession of evidence central to Petitioners' claim that she aided and engaged in an insurrection to obstruct the peaceful transfer of presidential power, disqualifying her from serving as a Member of Congress under Section 3 of the 14th Amendment and rendering her ineligible under state and federal law to be a candidate for such office. *See* Compl. ¶ 1. Her deposition testimony is essential.

The Complaint identifies and describes in detail dozens of statements supporting Petitioners' claims that Respondent Greene engaged in insurrection. For example, two years prior to January 6, 2021, Greene said in a video: "If we have a sea of people shut down the streets . . . flood the Capitol building, flood all of the government buildings, go inside these are public buildings we own them." *Id.* ¶ 22. Greene also stated, in advance of January 6, 2021, that she was "planning a little something on January 6th," *id.* ¶ 37, told her supporters to "HOLD THE LINE on Jan. 6," *id.* ¶ 38, and made statements rejecting the peaceful transfer of power and suggesting Speaker Pelosi should be punished by death*, id.* ¶ 39. On January 5, 2021, she told her supports on Twitter that January 6, 2021 would be "our 1776 moment!" and that "the people will remember the Patriots who stood for election integrity." *Id.* ¶ 42. The Complaint alleges that, based on Greene's communications with groups and individuals that used "1776" as a codeword for violence, she was aware that she herself was encouraging violence.

Greene's testimony is critical to understanding the key issues that will determine her eligibility for congressional office, including: (i) her state of mind and intentions when she

made the statements described above (and others); (ii) her knowledge of the violent intentions of those who organized the January 6, 2021 insurrection; (iii) her understanding of the terminology she used; and (iv) her contacts with known insurrectionists and persons who have publicly expressed insurrectionist sentiments, both before and after January 6, 2021.

Greene bears the burden to establish her eligibility for office. *See Haynes v. Wells*, 273 Ga. 106, 108-09 (2000). Consistent with fundamental notions of fairness in an adversarial proceeding, Petitioners should be permitted to discover the evidence Greene will put on to satisfy her burden in advance of the hearing, so they have a reasonable opportunity to prepare their rebuttal. *See Wardius v. Oregon*, 412 U.S. 470, 473 (1973) (noting that the "ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial"); *State v. Lucious*, 271 Ga. 361, 364, 518 S.E.2d 677, 681 (1999) (citing *Wardius* and noting that "systems of broad discovery" can "enhance the fairness of the adversary system").

A deposition in advance of the hearing will allow Petitioners to cross-examine Greene and elicit her testimony on the key facts that will decide this case. Only through cross-examination—"the greatest legal engine ever invented for the discovery of truth," *Clemons v. State*, 265 Ga. App. 825, 833, 595 S.E.2d 530, 536 (2004) (quoting *Harrell v. State,* 241 Ga. 181, 183(1), 243 S.E.2d 890 (1978))—can Petitioners' investigate and rebut Greene's direct testimony and demonstrate that she knew when she made the statements described above that she was calling her supporters to engage in violent insurrection at the United States Capitol Building to stop the electoral count on January 6, 2021, and that she took steps and/or facilitated others to take steps to facilitate, support, and justify the insurrection on January 6, 2021.

## CONCLUSION

For the reasons set forth herein, Petitioners respectfully request an order directing Respondent Marjorie Taylor Greene to appear for a deposition on April 11, 2022, at 10:00 a.m., at a mutually agreeable location. A proposed order is attached to this motion as Exhibit A. Petitioners further request an order directing Respondent Greene to file any response to this motion no later than April 1, 2022, a hearing on this motion, and an expedited ruling. A proposed order is attached to this motion as Exhibit B.

This 28th day of March, 2022.

Respectfully submitted,

*/s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

Ronald Fein*
John C. Bonifaz*
Ben Clements*
Courtney Hostetler*
Benjamin Horton*
FREE SPEECH FOR PEOPLE
1320 Centre St. #405
Newton, MA 02459
(617) 244-0234
rfein@freespeechforpeople.org

Ex. C Notice to Take Party Deposition

Jonathan S. Abady*
Andrew G. Celli, Jr.*
Sam Shapiro*
Andrew K. Jondahl*
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000
jabady@ecbawm.com
acelli@ecbawm.com

*Attorney for the Petitioners*

\* Motions for pro hac vice admission forthcoming

**CERTIFICATE OF SERVICE**

I hereby certify that on March 28, 2022, I served the foregoing document on the respondent by electronic mail at the following address: Marjorie@greene2020.com.


*/s/ Bryan L. Sells*
Bryan L. Sells
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

*Attorneys for Petitioners*

Ex. C Notice to Take Party Deposition

# Exhibit A

Ex. C Notice to Take Party Deposition

# IN THE OFFICE OF STATE ADMINISTRATIVE HEARINGS
# STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID ROWAN, | : | DOCKET NUMBER: 2222582 |
| DONALD GUYATT, | : | 2222582-OSAH-SECSTATE-CE-57-Beaudrot |
| ROBERT RASBURY | : | |
| RUTH DEMETER, | : | Agency Reference No.: 2222582 |
| DANIEL COOPER, | : | |
| Petitioner, | : | |
| v. | : | |
| | : | |
| MARJORIE TAYLOR GREENE, | : | |
| | : | |
| Respondent. | : | |

## [PROPOSED] ORDER

After consideration of Petitioners' Motion to Take Party Deposition, the Motion is GRANTED. Respondent Marjorie Taylor Greene shall appear for a deposition on April 11, 2022, at 10:00 a.m., at a mutually agreeable location.

SO ORDERED THIS _____ day of _____, 2022.

_____
**Judge Charles Beaudrot**

Ex. C Notice to Take Party Deposition

# Exhibit B

Ex. C Notice to Take Party Deposition

# IN THE OFFICE OF STATE ADMINISTRATIVE HEARINGS
# STATE OF GEORGIA

| | | |
|---|---|---|
| DAVID ROWAN, | : | DOCKET NUMBER: 2222582 |
| DONALD GUYATT, | : | 2222582-OSAH-SECSTATE-CE-57-Beaudrot |
| ROBERT RASBURY | : | |
| RUTH DEMETER, | : | Agency Reference No.: 2222582 |
| DANIEL COOPER, | : | |
| Petitioner, | : | |
| v. | : | |
| | : | |
| MARJORIE TAYLOR GREENE, | : | |
| | : | |
| Respondent. | : | |

## **[PROPOSED] ORDER**

I am in receipt of Petitioners' Motion to Take Party Deposition, filed March 28, 2022. For good cause shown, Petitioners' request for a shortened time for response and for an expedited ruling on that Motion is GRANTED. Respondent Marjorie Taylor Greene shall file any response to Petitioners' motion no later than April 1, 2022. A hearing and expedited ruling will follow.

SO ORDERED THIS _____ day of _____, 2022.

_____
**Judge Charles Beaudrot**

Ex. C Notice to Take Party Deposition