UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARJORIE TAYLOR GREENE**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. BRAD RAFFENSPERGER**, in his official capacity as Georgia Secretary of State, **MR. CHARLES R. BEAUDROT,** in his official capacity as an Administrative Law Judge for the Office of State Administrative Hearings for the State of Georgia, **JOHN DOE 1**, in his official capacity, and **GOVERNMENT ENTITY 1**,<br>*Defendants*. | **Civ. No.** 1:22 Civ. 1294-AT |

**Plaintiff's Response in Opposition to Motion to Intervene**

Proposed-Intervenors moved this Court to allow them to intervene in this action under Federal Rules of Civil Procedure 24. They are not entitled to intervene as a matter of right, and this Court should not grant them permission to intervene either.

**Plaintiff's Resp. in Opp. to Intervention**

Proposed-Intervenors are unable to satisfy their substantial burden to prove that they are entitled to intervene as a matter of right. Further, since Proposed-Intervenors cannot show that their intervention will more easily facilitate this action, and in fact will further complicate it, they should not be given permission to intervene. This Court should deny the Motion to Intervene.

## Statement of Facts

Plaintiff Representative Marjorie Taylor Greene ("**Rep. Greene**") currently serves as a Member of the U.S. House of Representative, for Georgia's 14th Congressional District. Rep. Greene filed her candidacy, for the upcoming midterm elections, for Georgia's 14th congressional district on March 7, 2022.

On March 24, 2022, several registered voters filed a Challenge against Rep. Greene claiming that Rep. Greene "does not meet the federal constitutional requirements for a Member of the U.S. House of Representatives and is therefore ineligible to be a candidate for such office." Greene Challenge, ECF No. 1-1. The Greene Challenge was based upon claims that Rep. Greene "aided and engaged in insurrection to obstruct the peaceful transfer of presidential power, disqualifying her from serving as a Member of Congress under Section 3 of the 14th Amendment ("§

**3**") and rendering her ineligible under state and federal law to be a candidate for such office." Rep. Greene vigorously denies she engaged in "insurrection or rebellion" against the United States, but this litigation is not based on Rep. Greene's factual defenses. Instead, this matter is before this Court based upon various constitutional and federal law challenges to the Georgia Statute itself and the application of § 3 to Rep. Greene.

The Greene Challenge has been referred by Sec. Raffensperger to ALJ Charles R. Beaudrot ("**ALJ Beaudrot**"). In addition to their Challenge, Challengers filed a notice to produce documents and a notice to take Rep. Greene's deposition. ECF Nos. 1-2, 1-3. Both of these notices were filed with ALJ Beaudrot on March 28, 2022. On March 30, 2022, ALJ Beaudrot ordered Rep. Greene to respond to Challengers' motions by noon on April 4, 2022. Order Shortening Response Period, ECF No. 1-4. Because Rep. Greene did not receive actual notice of the Challenge from Sec. Raffensperger and the notices and orders from ALJ Beaudrot until March 31, 2022, the earliest date in which she could file this matter in this Court was April 1, 2022, which she did.

Since filing this case, this Court has acted on an expedited basis. It has directed

3

**Plaintiff's Resp. in Opp. to Intervention**

State Defendants to respond to the Motion for Temporary Restraining Order and Preliminary Injunction by Wednesday April 6 at 1 pm. Order re Resp to TRO and PI. Further, it has directed Rep. Greene to file a reply no later than April 7 at 4 pm. *Id.* The Court also ordered a hearing on Friday April 8 at 2 pm. *Id.*

In the middle of this expedited schedule, Proposed-Intervenors seek to intervene in this matter. Proposed-Intervenors are people who filed the candidacy challenge of Rep. Greene. Mot. to Intervene, ECF 13 at 1. They seek intervention as a matter of right and in the alternative permissive intervention. *Id.*

### Argument

Under Federal Rule of Civil Procedure 24, a movant can intervene through two different avenues–as a right or permissively. Fed. R. Civ. P. 24. In order to intervene as a matter of right, Proposed-Intervenors must satisfy *all* of the following four requirements: (1) the motion to intervene must be timely; (2) the movant must have an interest in the subject matter of the underlying action; (3) disposing of the action may impair or impede the movant's ability to protect its interest, and (4) the applicant's interest is not adequately represented by the existing parties to the litigation. Fed. R. Civ. P. 24(a).

4

**Plaintiff's Resp. in Opp. to Intervention**

If intervention of right is not allowed, a court may grant permissive intervention, but the court must consider any delay or prejudice to the original party's rights. *Athens Lumber Co., Inc. v. FEC*, 690 F.2d 1364, 1367 (11th Cir. 1982). A denial of intervention as of right is reviewed for clear error, *U.S. v. Georgia*, 19 F.3d 1388, 1393 (11th Cir. 1994), while a denial of permissive intervention is reviewed for abuse of discretion. *Athens Lumber* 690 F.2d at 1367.

Because Proposed-Intervenors are unable to satisfy all their requirements,[1] they are not entitled to intervention of a right. Further, since allowing Proposed-Intervenors would further complicate, delay, and prejudice Rep. Greene, they should not be allowed to permissively intervene.

---

[1] Plaintiff acknowledges that the State Defendants have not presented arguments, in their opposition to Plaintiff's preliminary injunction motion, against Plaintiff's Count IV, where Plaintiff claims that, because of the Amnesty Act of 1872, § 3 cannot be applied to Rep. Greene. This may be grounds to conclude that the State Defendants do not adequately represent the "interests" of Proposed-Intervenors. However, Proposed-Intervenors do not have any legitimate legal interest here to protect, and, thus, do not meet the second requirement that the movant must have an interest in the subject matter of the underlying action and the third requirement that disposing of the action may impair or impede the movant's ability to protect its interest. Furthermore, Proposed-Intervenors fail to meet the first requirement that the motion to intervene must be timely. All four requirements must be met.

**Plaintiff's Resp. in Opp. to Intervention**

### I. Proposed-Intervenors are not entitled to intervention as of right.

**A.    Proposed-Intervenors participation would prejudice Rep. Greene, so it is not timely.**

While the Proposed-Intervenors brought their intervention motion promptly, their participation would prejudice the existing parties. In considering timeliness, courts are to consider the extent of prejudice to the existing parties and the prejudice to the Proposed-Intervenors if their motion is denied. *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989).

If their motion is denied, Proposed-Intervenors will face no prejudice. They will still be able to petition Congress regarding their § 3 challenge. In contrast, Proposed-Intervenors participation would prejudice the existing parties by causing unnecessary delay and complications.

This Court has ordered Proposed-Intervenors to file their Response to Plaintiff's injunction motions by Thursday, April 7th at 10:00 am. It is likely that many of the arguments that Proposed-Intervenors will make would have already been made by the State Defendants. This will cause Rep. Greene to face duplicative and unnecessary arguments in preparing her Reply, in arguing her claims in the upcoming hearing, and in litigating her lawsuit. Further, this will delay and over

complicate the litigation as Proposed-Intervenors offer nothing substantively new or different.

Proposed-Intervenors participation will also prejudice the State Defendants. By allowing Proposed-Intervenors to intervene, it would potentially cause the State Defendants to follow the demands of a party, rather than doing what is best suited to defend the constitutional challenge to the Challenge Statute.

**B.    Proposed-Intervenors have no protectable property interest in this case.**

A right or entitlement created by a statute can give rise to a cognizable "property" interest protected under the Fourteenth Amendment. *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972). But such a property interest requires the party seeking to protect such an interest to have more than an abstract need or desire for it, and he must have more than a unilateral expectation of it. *Id.* "He must, instead, have a legitimate claim of entitlement to it." *Id.*

Proposed-Intervenors argue they have a *right* to challenge the candidacy of a candidate. Mot. to Intervene at 8. The only interest Proposed-Intervenors have in the Challenge Statute is that they "*may* challenge the qualifications of the candidate." *Id.* (emphasis added). There is no "legitimate claim of entitlement" to make a

**Plaintiff's Resp. in Opp. to Intervention**

candidacy challenge, but a "desire" for the Proposed-Intervenors to make one.

Furthermore, there is no need for any challenge to actually be filed before the Secretary of State begins proceedings. "The Secretary of State upon his or her own motion may challenge the qualifications of any candidate at any time prior to the election of such candidate." G.A. § 21-2-5(b). And ultimately it is the Secretary of State's authority to determine the qualifications of candidates, *see id.* at (c) ("The Secretary of State shall determine if the candidate is qualified to seek and hold the public office for which such candidate is offering."), not the procedure that Proposed-Intervenors wish to initiate. The right to qualify lies with the Secretary of State, not Proposed-Intervenors.

Furthermore, there is nothing in the Challenge Statute about a challenge based upon § 3. The "property interest" that Proposed-Intervenors claim is in their specific challenge based upon § 3, but they have no "legitimate claim of entitlement" to a challenge based on § 3 under the Georgia Challenge Statute.

And Proposed-Intervenors have no property or entitlement right to an *unlawful* challenge. A court has already determined that a § 3 challenge is unlawful under federal law. *See* Cawthorn Order, ECF 4-2.

8
**Plaintiff's Resp. in Opp. to Intervention**

Finally, Proposed-Intervenors also imply that they have a right to enforce the constitutional qualifications for candidates for Congress. As Rep. Greene argues to this Court, it is the exclusive role of Congress to make an independent, final judgment on the qualifications of its Members. U.S. Const. Art. 1, § 5. Any ruling from this Court would not prevent Proposed-Intervenors from petitioning Congress to consider a § 3 challenge to Rep. Greene, if elected.

## C. Proposed-Intervenors have no interest that will be impeded or impaired.

As Proposed-Intervenors have no protectable property interest in this litigation, they have no interest that will be impaired or impeded by the disposition of this case.

## II. Proposed-Intervenors should not be granted permission to intervene.

A district court may permit intervention "when an applicant's claim or defense and the main action have a question of law or fact in common." *Athens Lumber*, 690 F.2d at 1367. This decision lies within the discretion of the district court. *Id.* Where a constitutional challenge was brought on an expedited basis, it was found to be not an abuse of discretion to deny intervention as "the introduction of additional parties

**Plaintiff's Resp. in Opp. to Intervention**

inevitably delay[s] proceedings." *Id.*

Similarly, this is a constitutional challenge brought on an expedited basis. The introduction of Proposed-Intervenors would inevitably delay the proceedings. Further, the State Defendants are zealously pursuing the same ultimate objective as the Proposed-Intervenors. Permitted intervention would likely result in undue delay or prejudice to the adjudication. It would complicate the matter and consume unnecessary resources by adding additional briefing and argument, when the State Defendants are already the best party possible to defend the Challenged Statute and state statutory scheme.

Finally, Plaintiff asserts in its Verified Complaint and pending related Motions that the Proposed-Intervenors lack standing to bring the Challenge before the administrative tribunal. Proposed-Intervenors have not suffered any "particularized injury in fact" and an order from this Court overruling the State statutory scheme would similarly not injure Proposed-Intervenors. They have no standing to challenge Plaintiff either before the administrative tribunal or this federal court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 112 S. Ct. 2130 (1992).

**Plaintiff's Resp. in Opp. to Intervention**

## Conclusion

Because Proposed-Intervenors are unable to meet their burden of a showing of inadequate representation, they are not allowed to intervene as a right. Since Proposed-Intervenors would unnecessarily complicate, potentially delay, and prejudice the adjudication, they should not be permitted to intervene.

For all the foregoing reasons, this Court should deny Proposed-Intervenors motion to intervene.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated: April 6, 2022 | /s/ James Bopp, Jr. <br> James Bopp, Jr., Ind. Bar No. 2838-84* |
| /s/ Kurt R. Hilbert <br> Kurt Hilbert, GA Bar No. 352877 <br> THE HILBERT LAW FIRM, LLC <br> 205 Norcross Street <br> Roswell, GA 30075 <br> T: 770-551-9310 <br> F: 770-551-9311 <br> khilbert@hilbertlaw.com <br> *Local Counsel for Plaintiff* | Melena S. Siebert, Ind. Bar No. 35061-15* <br> THE BOPP LAW FIRM <br> 1 South 6th Street <br> Terre Haute, Indiana 47807 <br> Telephone: (812) 232-2434 <br> Facsimile: (812) 235-3685 <br> jboppjr@aol.com <br> msiebert@bopplaw.com <br> * Motions for *Pro hac vice* admission forthcoming <br> *Attorneys for Plaintiff* |

11

**Plaintiff's Resp. in Opp. to Intervention**

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on April 6, 2022.

/s/ *Kurt R. Hilbert*
Attorney for Plaintiff

## Certificate of Service

I hereby certify that on April 6, 2022, a copy of the foregoing document was filed using the Court's CM/ECF system. Counsel for all parties and Proposed-Intervenors were noticed of this filing through this system.

/s/ *Kurt R. Hilbert*
Attorney for Plaintiff

**Plaintiff's Resp. in Opp. to Intervention**