IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARJORIE TAYLOR GREENE,<br><br>*Plaintiff*,<br><br>v.<br><br>BRAD RAFFENSPERGER, in his official capacity as Georgia Secretary of State, *et al.*,<br><br>*Defendants*. | CIVIL ACTION<br><br>No. 1:22-cv-01294-AT |

**STATE DEFENDANTS' SUPPLEMENTAL BRIEF PURSUANT TO
THE COURT'S APRIL 12, 2022 ORDER**

State Defendants submit this supplemental brief in response to the Court's Order requesting briefing on: "whether the O.C.G.A. § 21-2-5 process falls within *Younger's* second category, and whether that is the case (1) regardless of the type of challenge raised by a voter, and/or (2) specifically as applied to the specific circumstances of this case." (Doc. 47 at 2).

### A. The O.C.G.A. § 21-2-5 process falls within the third category of "exceptional circumstances" to which the *Younger* abstention doctrine applies.

There are three "exceptional circumstances" in which the *Younger* abstention doctrine applies: criminal proceedings; "civil enforcement proceedings;" and "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 78 (2013) (citations omitted).

To be clear, it has always been the position of the State Defendants that the challenge process under O.C.G.A. § 21-2-5 falls squarely within the third category of cases because it is a process that is "uniquely in furtherance of the state court's ability to perform their judicial functions" relating to elections. (*See* Doc. 22 at 8-9; Transcript at 40.) And importantly, Plaintiff has conceded this point by never once disputing it—not in her brief in support of her motions for injunctive relief, her reply brief, or at oral argument. Instead, Plaintiff's argument has been that *Younger* abstention is improper here because the

challenge proceeding does not afford her the opportunity to litigate her constitutional claims. (Doc. 32 at 6-7.)

At oral argument, *Plaintiff's* counsel suggested that the challenge proceeding at issue here was quasi-criminal in nature because there is a parallel federal criminal statute prohibiting anyone who engages in insurrection from holding federal office (Transcript at 9-11), which utilizes similar language as Section Three of the Fourteenth Amendment. *See* 18 U.S.C. § 2383. Counsel for State Defendants noted in response that Plaintiff's embrace of the criminal statute might well color an argument that the state proceeding would fit within the second *Younger* category (Transcript at 40), but then counsel reiterated that the State Defendant's *unopposed* position was that the state proceedings fit squarely within the third *Younger* categorization. *Id.* at 40-42.

To be sure, the existence of a parallel criminal statute can be a factor favoring abstention.[1] Proceedings that fall under the second category of cases "are characteristically initiated to sanction the federal plaintiff . . . for some

---

[1] *See, e.g.*, *Smith & Wesson Brands, Inc. v. Att'y Gen. of New Jersey*, 27 F.4th 886, 891 (3d Cir. 2022); *Minnesota Living Assistance, Inc. v. Peterson*, 899 F.3d 548, 553 (8th Cir. 2018); *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 194 (1st Cir. 2015).

wrongful act," and "a state actor is routinely a party to the state proceeding and often initiates the action." *Sprint*, 571 U.S. at 79; *see also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975) (applying *Younger* to certain civil actions because the state was a party to the proceeding "in aid of and closely related to [the state's] criminal statutes").

Here, the challenge proceeding was initiated by the Defendant-Intervenors and is not an enforcement proceeding brought by the State. Rather, the Secretary of State was merely the referring agency and is not a party to the proceeding. Although the Secretary will ultimately adjudicate the challenge, there has been no agency investigation into the merits of the claim. Thus, it is not clear whether the second category of "exceptional circumstances" applies here because the challenge proceeding is not a state-initiated enforcement proceeding.[2]

However, the Court need not reach that issue because the pending challenge proceeding to Plaintiff's candidacy squarely falls within the third category of "exceptional circumstance" because it is a civil proceeding "uniquely in furtherance of the state courts' ability to perform their judicial functions,"

---

[2] State Defendants decline to rule out the possibility that a state-initiated qualification challenge under O.C.G.A. § 21-2-5 could fall within the second category of cases. But it is not necessary for the Court to answer that question in order to find that *Younger* abstention is proper here.

3

*Sprint*, 571 U.S. at 78, an issue that Plaintiff did not dispute in either brief submitted to the court or during oral argument. The State of Georgia has a *constitutional duty* under Article I, Section 4 to administer elections and ensure that only qualified candidates are placed on the ballot. It is the exclusive jurisdiction of the state judiciary to resolve election contests, which include candidate qualification challenges. *See Burgess v. Liberty Cnt'y Bd. of Elections*, 291 Ga. 802, 803 (2012); *Cook v. Bd. of Registrars*, 291 Ga. 67, 70-71 (2012). This role is given exclusively to the states, and not the federal courts. *See Hutchinson v. Miller*, 797 F.2d 1279, 1284 (4th Cir. 1986). The challenge process in O.C.G.A. § 21-2-5 is clearly the type of case contemplated by the third category of exceptional circumstances requiring *Younger* abstention. A federal court enjoining the state's ability to adjudicate challenges to candidate qualifications would interfere with the State's constitutional duties and undermine the notions of comity and federalism that underpin the *Younger* doctrine in the first place. *See Younger v. Harris*, 401 U.S. 37, 44 (1971).

**B. Plaintiff's due process challenge to the burden of proof in the OSAH proceeding has been mooted by the ALJ's Prehearing Order placing the burden of proof on the challengers.**

The Court's Order also asks the State Defendants to provide "easily accessible examples" of situations in "OSAH cases involving certain candidate qualifications to seek state office, ALJs had, *sua sponte* or upon motion, shifted

4

the burden to the challenger to first demonstrate that a candidate was not qualified to hold state office." (Doc. 47 at 2.) As there is no searchable database of OSAH orders, such opinions are not "easily accessible." While OSAH undertook efforts to obtain past decisions that might be responsive to the Court's inquiry by asking the ALJs to search their individually-maintained records, those efforts have not produced responsive orders in the short time frame since the Court's order.

However, State Defendants are providing to the Court a Prehearing Order entered by ALJ Beaudrot on April 13, 2022, which grants Plaintiff's motion in limine in that proceeding to place the burden of proof on the challengers. (*See* **Exhibit A**.) In his order, ALJ Beaudrot notes that Ga. Comp. R. & Regs. r. 616-1-2-.07 allows a burden of proof to be placed on the other party when "justice requires." (*Id.* at 3.) Concluding that "[j]ustice in this setting requires that the burden of proof is on Petitioners to establish that Respondent is disqualified by showing by a preponderance of the evidence that Respondent [engaged in insurrection]," ALJ Beaudrot granted Plaintiff's motion to shift the burden of proof from her to the challengers. (*Id.* at 4.) Accordingly, this order moots Plaintiff's argument that the Challenge Statute's alleged "burden shifting" violates due process. (Doc. 4-1 at 19-20.)

5

Respectfully submitted this 14th day of April, 2022.

          Christopher M. Carr
          Attorney General
          Georgia Bar No. 112505

          Bryan K. Webb
          Deputy Attorney General
          Georgia Bar No. 743580

          */s/Russell D. Willard*
          Russell D. Willard
          Senior Assistant Attorney General
          Georgia Bar No. 760280
          Office of the Georgia Attorney General
          40 Capitol Square SW
          Atlanta, GA 30334
          rwillard@law.ga.gov
          Telephone: 404-458-3316
          Fax: 404-657-9932

          */s/Charlene McGowan*
          Charlene McGowan
          Assistant Attorney General
          Georgia Bar No. 697316
          Office of the Georgia Attorney General
          40 Capitol Square SW
          Atlanta, GA 30334
          cmcgowan@law.ga.gov
          Telephone: 404-458-3658
          Fax: 404-651-9325

*/s/ Lee M. Stoy, Jr.*
Lee M. Stoy, Jr.
Assistant Attorney General
Georgia Bar No. 884654
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, Georgia, 30334
lstoy@law.ga.gov
Telephone: 404-458-3661
Fax: 404-657-9932

*/s/ Elizabeth Vaughan*
Elizabeth Vaughan
Assistant Attorney General
Georgia Bar No. 762715
Georgia Department of Law
40 Capitol Square, S.W.
Atlanta, Georgia 30334
evaughan@law.ga.gov
Telephone: 404-458-3549
Fax: 404-657-9932

*Counsel for Defendants Raffensperger and Beaudrot*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

/s/ *Charlene S. McGowan*