# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **Marjorie Taylor Greene**, <br><br> Plaintiff, <br><br> vs. <br><br> **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, *et al.*, <br><br> Defendants, <br><br> and <br><br> **David Rowan,** *et al.,* <br><br> Intervenor Defendants. | Case No. 1:22-cv-1294-AT <br><br><br> **Rowan Intervenors' Supplemental Brief in Opposition to the Plaintiff's Motions for a Temporary Restraining Order and a Preliminary Injunction** |

Intervenor defendants David Rowan, Donald Guyatt, Robert Rasbury, Ruth Demeter, and Daniel Cooper (collectively, the "Rowan Intervenors"), respectfully submit this supplemental brief in opposition to plaintiff Marjorie Taylor Greene's motion for a temporary restraining order (ECF 4) and motion for a preliminary injunction (ECF 5). On April 12, this Court ordered supplemental briefing "to address whether the O.C.G.A. § 21-2-5 process falls within *Younger*'s second category, and

whether that is the case (1) regardless of the type of challenge raised by a voter, and/or (2) specifically as applied to the specific circumstances of this case." (ECF 47 at 2.) This is the Rowan Intervenors' response.

In *Sprint Communications, Inc., v. Jacobs*, 571 U.S. 69, 73 (2013), the Supreme Court held that *Younger* abstention applies only in three categories of proceedings: (1) "state criminal prosecutions"; (2) "civil enforcement proceedings"; and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." The second category, civil enforcement actions, "are characteristically initiated to sanction the federal plaintiff." *Id.* at 79. "In cases of this genre, a state actor is routinely a party to the state proceeding and often initiates the action." *Id.* These actions often involve a formal investigation culminating in some form of sanction. *Id.* at 79-80.

Here, the on-going state proceeding plainly falls into this category. It is a civil proceeding to enforce O.C.G.A. § 21-2-5(a), which requires "[e]very candidate for federal and state office … [to] meet the constitutional and statutory qualifications for holding the office being sought." (By extension, it is a civil proceeding to enforce the

qualifications for holding office.) The purpose of the proceeding is to sanction, *i.e.*, to disqualify, a candidate who does not meet the qualifications for the office being sought. The Secretary of State initiated the proceeding by referring a complaint to the Office of State Administrative Hearings (OSAH) for an investigation, as required by law, and he will be a party to the civil proceeding in state court. *See, e.g.*, *Handel v. Powell*, 670 S.E.2d 62 (Ga. 2008) (Secretary of State Karen Handel); *Cox v. Barber*, 568 S.E. 2d 478, 481-82 (Ga. 2002) (Secretary of State Cathy Cox).

This case falls into the second category regardless of the type of challenge to a candidate's qualifications. The nature of the process set out in O.C.G.A. § 21-2-5(b)-(e) does not change. It is still a civil proceeding to enforce the qualifications for holding office.

\* \* \*

The Court also asked the defendants to provide examples of cases where OSAH had shifted the burden to the challenger to demonstrate that a candidate is not qualified to hold office. (ECF 47 at 2.) The Rowan intervenors do not have access to examples from *other* cases, but the Administration Law Judge *in this case* ruled on Wednesday, in response

to a motion from plaintiff Greene, that the challengers will have the burden of proving that Greene is disqualified by the Disqualification Clause. The Administrative Law Judge also clarified that "OSAH judges are required to follow and apply the Constitution and applicable Federal law, and regularly do so in their decisions." A copy of the ruling is attached as an addendum to this brief.

Respectfully submitted this 14th day of April, 2022.

**/s/ *Bryan L. Sells***
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

Ronald Fein*
John C. Bonifaz**
Ben Clements**
Courtney Hostetler**
Benjamin Horton**
FREE SPEECH FOR PEOPLE
1320 Centre St. #405
Newton, MA 02459
(617) 244-0234
rfein@freespeechforpeople.org

Jonathan S. Abady**
Andrew G. Celli, Jr.**
Sam Shapiro**
Andrew K. Jondahl**
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000
jabady@ecbawm.com
acelli@ecbawm.com


*Attorneys for the Rowan Intervenors*

\* Admitted pro hac vice
\*\* Motions for admission pro hac vice pending

**Certificate of Compliance**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan L. Sells*

Bryan L. Sells