

**BEFORE THE OFFICE OF STATE ADMINISTRATIVE HEARINGS**
**STATE OF GEORGIA**

FILED
OSAH

04/13/2022

Devin Hamilton, Legal Assistan

| | |
|---|---|
| **DAVID ROWAN, DONALD GUYATT,** **ROBERT RASBURY, RUTH DEMETER,** **and DANIEL COOPER,** **Petitioners/Challengers,** | |
| **v.** | **Docket No.: 2222582** **2222582-OSAH-SECSTATE-CE-57-Beaudrot** |
| **MARJORIE TAYLOR GREENE,** **Respondent/Candidate.** | |

**PREHEARING ORDER**

This matter concerns Petitioners' challenges to the Respondent's qualifications for office pursuant to Code Section 21-2-5.

The hearing in this matter was initially set for Wednesday, April 13, 2022, at the Office of State Administrative Hearings (OSAH) commencing at 9:30 a.m.  As an accommodation to Respondent's schedule, the parties have agreed that the hearing be rescheduled to August 22, 2022, at 9:30 a.m.

The parties have filed a variety of motions in this matter.  On April 11, 2022, counsel for the parties and the Court participated in an extended telephone conference (the "April 11 Conference") to discuss pending motions and to address issues regarding the conduct of the hearing in this matter.  The purpose of this order is to respond to those pending motions and address issues raised in them.

1.  <u>Livestreaming of Hearing</u>.  On April 11, 2022, Respondent filed a Motion to Preclude Live-Streaming Hearing and Other Proceedings (the "Livestreaming Motion"), to which Petitioners responded on April 10, 2022.  In the Livestreaming Motion, Respondent objects to Petitioners' request that the hearing in this matter be livestreamed.

There are compelling considerations that underlie the rules providing for access to

public hearings.  These policies are embodied in OSAH Rule 616-1-2-.43, and the Uniform Rules for the Superior Courts to which OSAH Rule 616-1-2-.43 refers.  Under Uniform Superior Court Rule 22(G), a court may deny such a request only after finding "there is a substantial likelihood of harm" arising from one or more of the enumerated factors.  In this case, there is no showing that permitting proceedings to be livestreamed would pose a substantial likelihood of harm.

Respondent's objections to the livestreaming of the hearing in this matter are therefore **OVERRULED**.  The hearing in this matter may be livestreamed in accordance with OSAH Rule 616-1-2-.43, and the Uniform Rules for the Superior Courts to which the OSAH Rule refers, and subject to compliance with those rules.

2.   <u>Testimony of Respondent</u>.  Petitioners have subpoenaed Respondent to testify in this matter.  On April 11, 2022, Respondent filed both a Motion to Quash Subpoena or, in the Alternative, to Stay or Continue OSAH Hearing ("Motion to Quash") and Respondent's Witness and Exhibit List.  In Respondent's Witness and Exhibit list, she indicated that she may testify in her case "assuming that her subpoena is not quashed."

At the telephone conference held on April 11, 2022, the parties, through their respective counsel, agreed to postpone the hearing to accommodate Respondent's schedule.  The hearing was then rescheduled to Friday, April 22, 2022, at 9:30 a.m.

Whether Respondent testifies in her case in chief on her own behalf is entirely within Respondent and her counsel's discretion.  But the Court sees no basis for quashing the subpoena served on Respondent by the Petitioners.  To the contrary, the seriousness and urgency of this matter, the expedited nature of the hearing, and the resulting limitations on any prehearing discovery in this matter all weigh heavily against such action.  Respondent's Motion to Quash is, therefore, **DENIED** and Respondent remains subject to subpoena for the upcoming hearing.

3.   <u>Burden of Proof</u>.  On April 11, 2022, Respondent filed a Motion in Limine to Set Burden of Proof with Petitioners ("Burden of Proof Motion") to which Petitioners have responded.  In the Burden of Proof Motion, Respondent requests that this Court determine where the burden of proof in this matter lies.

During the April 11 Conference, counsel for the parties stipulated that they agree that Respondent is a citizen, 25 years of age or older, and resides in her district.  Counsel also agreed that the basis for Petitioners' challenge in this matter is whether Respondent is disqualified as a candidate for election to the United States House of Representatives by virtue of Section 3 of the 14th Amendment to United States Constitution because Respondent, "who [has] previously taken and oath as a member of Congress . . . to support the Constitution of the United States . . . engaged in insurrection or rebellion against the same, or [gave] aid or comfort to the enemies thereof."

OSAH Rule 616-1-2-.07 provides that, with certain exceptions that are inapplicable to this case, the burden of proof is on the agency (in this matter, the Secretary of State) unless "justice requires a different placement of the burden of proof."  It should be noted that the Secretary of State is the referring agency and is not a party in the hearing in this matter.  The Secretary of State is not appearing or participating in this matter.

In the typical election challenge case where an elector seeks to disqualify a candidate under Code Section 21-2-5, the issues are straightforward issues of a candidate's age, residency, or the like.  In such cases, it is entirely appropriate that the burden of proof is on the candidate to establish these criteria are met.  *Haynes v. Wells*, 273 Ga. 106 (2000).

This case is an entirely different matter.  Here, there is no dispute as to Respondent's citizenship, age, or residency.  The issue is whether Respondent is disqualified by the provisions of the 14th Amendment.

Justice does not require Respondent to "prove a negative."  Justice in this setting requires that the burden of proof is on Petitioners to establish that Respondent is disqualified by showing by a preponderance of the evidence that Respondent, having "previously taken and oath as a member of Congress . . . to support the Constitution of the United States . . . engaged in insurrection or rebellion against the same, or [gave] aid or comfort to the enemies thereof" under the 14th Amendment to the Constitution.  Accordingly, Respondent's Burden of Proof Motion is granted and the burden of proof in the hearing in this matter is upon Petitioners.

4.  Evidentiary Issues.  On April 11, 2022, Petitioners filed Prehearing Submissions. Included within this filing is a list of 69 documents that Petitioners propose to introduce at the hearing.  In apparent response to this list of Petitioners' documents, Respondent in its Motion in Limine filed on April 11, 2022, makes generalized requests to exclude various types of evidence by category.  In the Motion in Limine, Respondent also expresses concerns about the applicability of OSAH Rule 616-1-2-.18. to this proceeding.

It is helpful to have Respondent's views and citations of authority on various potential evidentiary matters.  But it is impossible to rule on the admissibility of various generic categories of documents based upon such generalized objections  Accordingly, after discussion of Respondent's Motion in Limine at the April 11 Conference, and in light of the postponement of the hearing date, the undersigned instructed Respondent to submit a detailed set of specific objections and citations of authority as to admissibility of each document identified in Petitioners' Prehearing Submissions no later than 5:00 p.m. on Thursday April 14, 2022.

Accordingly, ruling on Respondent's Motion in Limine as to evidentiary objections is reserved, pending receipt and review of Respondent's detailed list of objections and

Petitioner's responses to those objections.

5. <u>Motion to Dismiss</u>. All cases are important to the litigants involved. All election cases are particularly important, not only to the litigants, but to the public generally, as they go to the core of our republican form of government and ability of the people to choose their representatives. This case is of particular import as it presents novel and profoundly important questions of election law.

As an election case, this proceeding must be expedited so that this litigation does not interfere with an orderly and properly conducted election. It is also important that this matter be heard swiftly, and that the hearing record be completely and thoroughly developed at the hearing, and that the arguments of the parties are fully presented and briefed so that review of the decision can be concluded expeditiously. Given these considerations, the undersigned concludes that the interests of justice are best served by reserving ruling on Respondent's Motion to Dismiss until after conclusion of the hearing in this matter, after the record has been fully developed and the parties have fully presented their arguments and citations of authority with reference to the actual facts as developed at the hearing.

6. <u>Constitutional Objections</u>. On April 1, 2022, Respondent filed an action in the United States District Court for the Northern District of Georgia styled *Greene v Raffensperger*, No. 1:22-cv-01294-AT, ECF No. 29 (N.D. Ga. April 6, 2022) seeking to enjoin the hearing in this matter and other relief (the "Federal Court Litigation").

On April 11, 2022, Respondent filed in this matter a Motion to Request Ruling on Constitutional Objections and Incorporated Brief in Support. Appended to Respondent's pleading are excerpts of the transcript of the hearing on April 8, 2022, in the Federal Court Litigation. In sum, Respondent's Constitutional objections include what may be characterized as facial challenges, due process objections, issues burden of proof and evidentiary matters,

and issues of legal interpretation of the scope and meaning of the Amnesty Act.

The Court is mindful that the Constitution, including the 14th Amendment, is the Supreme Law of this country and is binding on every court and every government agency. Likewise, acts of Congress, including the Amnesty Act of 1872, are the law of the land by virtue of the Supremacy Clause. Like any court, OSAH judges are required to follow and apply the Constitution and applicable Federal law, and regularly do so in their decisions. If a Georgia statute or regulation is inconsistent with the Constitution, the OSAH judge may make findings of fact to that effect. And like any court, OSAH judges employ canons of statutory interpretation, including the doctrine that a statute, rule, or regulation should not be interpreted in a way that leads to an unconstitutional result if that construction can be avoided.[1]

As mentioned above, this proceeding is expedited by necessity; the Court is tasked with holding a hearing and making a recommendation to the Secretary of State as expeditiously as possible given the proximity of the forthcoming primary election. This has left very little time for the parties to develop their positions on the constitutional issues in question. Consequently, it is not yet possible for the undersigned to rule on all of the Respondent's objections at this time. The Court has addressed the Respondent's constitutional objections where possible, as, for example, in the case of shifting the burden of proof (see above). Similarly, the parties have not yet briefed, and the undersigned is not yet in a position to rule upon, Respondent's General Objection 4(a).[2]

An OSAH judge is not permitted to declare that a statute is unconstitutional. So as the undersigned noted at the April 11 Conference, the Court is not permitted to rule that Code

---

[1]    *See, e.g., Premier Health Care Invs. v. UHS of Anchor, L.P.*, 310 Ga. 32, 48 (2020).

[2]    Specifically, the parties have not yet briefed and argued the meaning of the term "belief" and the interpretation of that statute. The undersigned would note that that a Petitioner's belief presumably must meet the objective standard of "reasonable belief" and the parties have not addressed that or any other issues by argument and citation of authority.

Section 21-2-5 is unconstitutional and, thus, invalid.  The OSAH judge is, however, permitted to develop the record as to relevant issues of constitutional validity and make findings of facts as to those issues.  OSAH Rule 616-1-2-22(3).  Similarly, any constitutional objections filed in response to OSAH Rule 616-1.2-.22(3) that cannot be otherwise addressed by an OSAH judge are preserved and may be considered by the Secretary of State in his decision to accept or reject the undersigned's Initial Decision.

**ORDERED**, this   13th   day of April, 2022.

**Charles R. Beaudrot**
**Administrative Law Judge**

| | |
|---|---|
| **From:** | Devin Hamilton |
| **To:** | "bryan@bryansellslaw.com"; "Kurt Hilbert"; "cgardner@hilbertlaw.com"; "trevis@hilbertlaw.com"; "Hilbert Law"; "sshapiro@ecbawm.com"; "Melena Siebert"; James Bopp Jr |
| **Subject:** | RE: Taylor-Green v. Cooper, Demeter, Rasbury, Guyatt, and Rowan 2222582 |
| **Date:** | Wednesday, April 13, 2022 3:30:00 PM |
| **Attachments:** | 2222582 Order.pdf |
| | image001.png |

Good afternoon,

Please find attached Judge Beaudrot's Order. Thank you.

**Best,**

**Devin Hamilton**
Legal Assistant
Office of State Administrative Hearings


Phone: 404-657-3337
Fax: 404-657-3337
Email: devinh@osah.ga.gov

225 Peachtree Street NE
Suite 400
Atlanta, GA 30303

Go to www.osah.ga.gov for hearing dates, procedures, and other helpful information.

*The Staff at the Office of State Administrative Hearings is not authorized to provide legal advice.*

**OSAH does not accept motions, requests for continuances, or conflict letters embedded in an email.** You may prepare and file a motion and proof of service electronically, pursuant to OSAH Rules 4 and 16, by attaching the documents to an e-mail in either Microsoft Word or PDF format. You are required to serve the motion in accordance with OSAH Rule 11. Your motion and the response, if any, will be presented to the Judge for his/her consideration. Once an Order is issued by the Judge, a copy of that Order will be sent to all parties or their counsel of record. For your convenience, below is the link to our procedural rules: https://osah.ga.gov/wp-content/uploads/2020/07/003-Last-Revised-July-2020-2.pdf

---

**From:** Devin Hamilton
**Sent:** Tuesday, April 12, 2022 3:35 PM
**To:** 'bryan@bryansellslaw.com' <bryan@bryansellslaw.com>; 'Kurt Hilbert' <khilbert@hilbertlaw.com>; 'cgardner@hilbertlaw.com' <cgardner@hilbertlaw.com>; 'trevis@hilbertlaw.com' <trevis@hilbertlaw.com>; 'Hilbert Law' <info@hilbertlaw.com>; 'sshapiro@ecbawm.com' <sshapiro@ecbawm.com>
**Subject:** RE: Taylor-Green v. Cooper, Demeter, Rasbury, Guyatt, and Rowan 2222582