UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARJORIE TAYLOR GREENE**, an individual,<br><br>*Plaintiff*,<br><br>v.<br><br>**MR. BRAD RAFFENSPERGER**, in his official capacity as Georgia Secretary of State, **MR. CHARLES R. BEAUDROT,** in his official capacity as an Administrative Law Judge for the Office of State Administrative Hearings for the State of Georgia, **JOHN DOE 1**, in his official capacity, and **GOVERNMENT ENTITY 1**,<br>*Defendants*. | **Civ. No.   1:22-cv-01294-AT** |

**RESPONSE IN COMPLIANCE WITH COURT ORDER FOR BRIEFING
(ECF NO. 47)**

Pursuant to this Court's Order, ECF No. 47, Plaintiff Marjorie Taylor Greene submits the following for the Court's consideration:

**Issue No. 1: Whether the *Younger* abstention doctrine for civil enforcement proceedings akin to criminal proceedings applies generally to voter-initiated Challenges or to the specific circumstances of this case.**

The Younger abstention doctrine applies to three kinds of proceedings: (1) a state criminal proceeding; (2) a state civil proceeding that are "akin" to criminal prosecutions; and (3) proceedings that implicate a State's interest in enforcing the orders and judgements of its courts. *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013). This Court has asked for analysis of whether the process defined in O.C.G.A. § 21-2-5 ("**Challenge Statute**") falls within the second category of civil proceedings "akin" to criminal prosecutions for either (1) any challenge raised by a voter; or (2) specifically as applied to the circumstances of this case. The answer to both is no.

A federal court's "obligation" to hear and decide a case is "virtually unflagging." *Sprint Commc'ns, Inc.*, 571 U.S. at 77. In the abstention context appellate review for abuse of discretion "is somewhat rigorous … the district court's discretion must be exercised within the narrow and specific limits prescribed by the particular abstention doctrine involved." *Tokyo Gwinnett, LLC v. Gwinnett Cty.,*

*Georgia*, 940 F.3d 1254, 1267 (11th Cir. 2019).

Civil enforcement actions akin to criminal prosecutions in "important respects" may be subject to *Younger* abstention considerations. *Sprint Commc'ns, Inc.*, 571 U.S. at 79. Proceedings subject to this *Younger* category generally are initiated to sanction the federal plaintiff for a wrongful act. *Id.* "A state actor often will initiate the action and act as a party. These civil enforcement actions often involve a formal investigation and a complaint filed at the end of the investigation." *Watson v. Fla. Jud. Qualifications Comm'n*, 618 F. App'x 487, 490 (11th Cir. 2015).

The State always initiates criminal proceedings in order to punish alleged wrongdoers. Therefore, if a case is to be considered "akin to a criminal proceeding," state-initiation with the purpose to sanction the alleged wrongdoer is critical. Otherwise, a federal court retains its unflagging obligation to hear and decide the cases brought before it. This principle is supported by an abundance of precedent. *See, e.g., Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 433 - 34 (1982) (state-initiated disciplinary proceedings against lawyer for violation of state ethics rules). *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, (1986) (state-initiated administrative proceedings to enforce state civil rights laws); *Moore v. Sims*, 442 U.S. 415, 419–420 (1979) (state-initiated proceeding to gain custody of children allegedly abused by their parents); *Trainor v. Hernandez*,

431 U.S. 434, 444 (1977) (civil proceeding "brought by the State in its sovereign capacity" to recover welfare payments defendants had allegedly obtained by fraud); *Huffman v. Pursue, Ltd.*, 420 U.S. 592. 598 (1975) (state-initiated proceeding to enforce obscenity laws).

The Challenge Statute allows voters to submit Challenges—a Challenge brought by a voter is not "akin to a criminal proceeding" in any of the "important respects" defined by *Sprint* or other binding precedent. First, a Challenge brought by a voter is not initiated by the State of Georgia, as any criminal proceeding would be. Second, the goal of the Challenge Statute is not for the State to "sanction" a candidate with either criminal penalties or civil disciplinary penalties similar to those that discipline attorneys for ethical violations. The Challenge Statute's purpose is to ensure that candidates meet the qualifications for office set by applicable law. Third, although the state administrative proceeding is the finder of fact, each party to the Challenge presents evidence according to OSAH Rules. The State of Georgia does not conduct an independent "investigation" of a Challenge brought by a voter.

Because a voter-initiated Challenge is not brought by the State, the purpose is not to sanction a candidate, and the state does not conduct an investigation into a voter-initiated Challenge, such a Challenge does not fit into the *Younger* category of a state proceeding that is "akin to a criminal proceeding."

Likewise, this Younger category does not apply to the circumstances of this case. The Challenge to Rep. Greene's candidacy was initiated by voters, not the State of Georgia. The voters are responsible for presenting their evidence, and Rep. Greene is responsible for presenting her defense at the OSAH. While the ALJ is the fact finder and will present his initial decision after weighing the parties' evidence, neither the ALJ nor the State of Georgia is conducting an investigation into Rep. Greene. The voters have made serious allegations that could have criminal implications (i.e., Rep. Greene "engaged" in an insurrection). However, the voters don't seek to sanction Rep. Greene —instead, the voters seek to prevent the voters in Georgia's 14th Congressional District from having the opportunity to vote for Rep. Greene to represent them.

**Issue No. 2: Whether OSAH ALJs have, *sua sponte* or upon motion, shifted the burden to the challenger to first demonstrate that a candidate was not qualified to hold state office.**

The Court directed Defendants to provide any easily accessible examples of situations in which the burden was shifted to the Challenger. While the Court did not include Rep. Greene in this direction, she attaches ALJ Beaudrot's Order following a pretrial conference as an example on this very issue, as well as several other pertinent claims before this Court:

**Burden Shifting:** ALJ Beaudrot has ordered that the Challengers have the burden to prove Rep. Greene aided or engaged in an insurrection, after previously taking an oath to defend the Constitution, by a preponderance of the evidence. Ex A, 4.

**Constitutional claims:** ALJ Beaudrot confirmed that he "is not permitted to declare that a statute is unconstitutional." *Id.* at 6.

**Evidentiary Issues:** During the pretrial hearing, ALJ Beaudrot indicated that he would not apply the normal rules of evidence applied in civil cases in Georgia here and would err toward inclusion. The Challengers evidence list is replete with proposed evidence subject to numerous objections that would otherwise exclude it, such as hearsay, hearsay within hearsay, undue prejudice, etc.

**Motion to Dismiss based on constitutional and federal law claims:** ALJ Beaudrot reserved ruling on Rep. Greene's motion to dismiss until after the hearing. *Id.* at 5.

Thus, Rep. Greene's constitutional claims cannot be decided until after she has suffered irreparable harm by the process itself, which is unconstitutionally triggered by mere "belief," Count I. and which unlawfully subjects her to a Section Three disqualification claim, Counts III and IV. This supports this Court's rejection of the *Younger* abstention doctrine in this case. *See* PI Mem. 13-14.

| | |
|---|---|
| Dated: April 14, 2022 | Respectfully Submitted, |
| /s/ Kurt R. Hilbert<br>Kurt Hilbert, GA Bar No. 352877<br>THE HILBERT LAW FIRM, LLC<br>205 Norcross Street<br>Roswell, GA 30075<br>T: 770-551-9310<br>F: 770-551-9311<br>khilbert@hilbertlaw.com<br>*Local Counsel for Plaintiff* | /s/ James Bopp, Jr.<br>James Bopp, Jr., Ind. Bar No. 2838-84*<br>Melena S. Siebert, Ind. Bar No. 35061-15*<br>THE BOPP LAW FIRM<br>1 South 6th Street<br>Terre Haute, Indiana 47807<br>Telephone: (812) 232-2434<br>Facsimile: (812) 235-3685<br>jboppjr@aol.com<br>msiebert@bopplaw.com<br>* Motions for *Pro hac vice* admission forthcoming<br>*Attorneys for Plaintiff* |

## Certificate of Compliance

Pursuant to Local Rules 5.1(B) and 7.1(D), the undersigned counsel hereby certifies that the foregoing has been prepared in Times New Roman (14 point) font, which is approved for use by this Court.

Respectfully submitted on April 14, 2022.

/s/ James Bopp, Jr.
Attorney for Plaintiff
