# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

MARJORIE TAYLOR GREENE,

       *Plaintiff*,

       v.

BRAD RAFFENSPERGER, in his
official capacity as Georgia Secretary
of State, *et al.*,

       *Defendants*.

CIVIL ACTION

No. 1:22-cv-01294-AT

# DEFENDANTS RAFFENSPERGER AND BEAUDROT'S RESPONSE
# TO PLAINTIFF'S MOTION TO STAY

## INTRODUCTION

Plaintiff Marjorie Taylor Greene has moved this Court to "stay all proceedings in this case until 35 days after Rep Greene's appeal is complete." (Doc. 65 at 1). The State Defendants join in Greene's request for a stay for the reasons stated in her motion, and for the further reason that this action involves a parallel state proceeding and a stay is appropriate under the *Colorado River*[1] doctrine. In order to avoid unnecessary duplication of effort and preserve judicial resources, this action should be stayed at least until the resolution of the state proceeding.

## BACKGROUND

This action was brought by Greene to prevent a challenge to her qualifications to run for U.S. House of Representative under Georgia's Challenge Statute, O.C.G.A. § 21-2-5, brought by the Intervenors. Specifically, Greene's complaint alleges the Challenge Statute violates her First Amendment rights because it is triggered on a mere belief (Count I); deprives her of due process under the Fourteenth Amendment because it requires her to bear the burden of establishing her qualifications (Count II); is in violation

---

[1] The *Colorado River* abstention doctrine was born out of the Supreme Court's decision in *Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976).

of Article I, Section 5 of the Constitution because it usurps Congress's authority to judge the qualifications of its members (Count III); and, as applied to her, violates the Amnesty Act of 1872 (Count IV). (Doc. 3 ¶¶ 54-77).

Contemporaneously with the filing of her complaint, Greene also moved for a preliminary injunction and a temporary restraining order ("TRO") to prevent the State Defendants "from enforcing" the Challenge Statute against her. (Docs. 4 and 5). This Court, however, denied Greene's motions for a preliminary injunction and TRO by concluding that Greene had failed to establish a likelihood of success on the merits. (*See generally* Doc. 52). Greene appealed this Court's decision, (Doc. 53), and, as of the filing of this response, the State Defendants and the Intervenors' merits briefs are due June 14, 2022. Additionally, the Eleventh Circuit has scheduled oral argument to take place the week of August 8, 2022.

Following this Court's denial of Greene's motions to stop the state challenge proceeding from taking place, Greene and the Intervenors participated in an evidentiary hearing in the Georgia Office of State Administrative Hearings pursuant to the Challenge Statute. (*See* Exhibit A at 2). Following the hearing, Judge Beaudrot issued an initial decision concluding that Greene was qualified. (*See generally* Ex. A). Specifically, Judge Beaudrot determined that Greene was not disqualified by Section 3 of the Fourteenth

Amendment for engaging in insurrection. (*Id*. at 12-18). Judge Beaudrot declined to determine whether the Challenge Statute was unconstitutional or to opine on the applicability of the Amnesty Act of 1872 since he concluded that Greene did not engage in insurrection. (*Id*. at 18-19). Nonetheless, Judge Beaudrot acknowledged that Greene had preserved her arguments in that regard for judicial review. (*Id*. at 19). The Secretary of State adopted Judge Beaudrot's decision in full, and issued a final decision declaring Greene qualified. (Exhibit B). In sum, the state challenge proceeding that Greene has asked this Court to prevent was resolved in her favor by the State Defendants.

The challengers, *i.e.*, the Intervenors here, sought judicial review of the Secretary of State's decision in the Superior Court of Fulton County. (Exhibit C). Greene has also moved to intervene so she can raise the same constitutional arguments that she raises here. (Exhibit D at 1-2, 9-10). The record of the OSAH proceedings was filed on May 26, 2022, and the parties are currently awaiting a briefing schedule.[2]

---

[2] As this Court has previously recognized, once the superior court obtains the record, judicial review of the challenge proceedings occurs quite quickly. (Doc. 52 at 49-51).

## ARGUMENT

### This Court Should Stay All Further Proceedings in Accordance with the *Colorado River* Abstention Doctrine

This federal lawsuit is parallel to a state proceeding involving the same parties and issues. The state proceeding began before this federal lawsuit, and requiring the parties to unnecessarily litigate the same issues in two different competent forums wastes valuable judicial resources, which the *Colorado River* doctrine counsels against.

The Eleventh Circuit recently explained that the *Colorado River* abstention doctrine applies "when concurrent state and federal litigation exists, and the federal litigation does not qualify for abstention under any of the three traditional abstention doctrines." *Gold-Fogel v. Fogel*, 16 F.4th 790, 799 (11th Cir. 2021).[3]  Should none of the other abstention doctrines apply, then "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, may allow a federal court not to perform its otherwise virtually unflagging obligation to exercise the jurisdiction given it." *Id.* at 799-800 (quotation marks omitted) (alterations

---

[3] Although State Defendants argued that abstention under *Younger* would be appropriate here, the Court has ruled that *Younger* does not apply because this case does not fall within one of the three categories of cases for which *Younger* applies.  (Doc. 52 at 24-38).

accepted). Instead of dismissing an action, however, the Eleventh Circuit has explained "that a stay, not a dismissal, is the proper procedural mechanism for a district court to employ when deferring to a parallel state-court proceeding under the *Colorado River* doctrine." *Moorer v. Demopolis Waterworks & Sewer Bd.*, 374 F.3d 994, 998 (11th Cir. 2004).

Courts should consider several factors when deciding whether to stay an action under *Colorado River* when parallel state and federal litigation exists. *Gold-Fogel* 16 F.4th at 800. Those are:

> (1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained jurisdiction, (5) whether state or federal law will be applied, (6) the adequacy of the state court to protect the parties' rights, (7) the vexatious or reactive nature of either the federal or the state litigation, and (8) whether the concurrent cases involve a federal statute that evinces a policy favoring abstention.

*Id*. (quotation marks omitted) (alterations accepted). These factors are not exhaustive, however. *Id*. Nor are they to be applied "mechanically." *Id*. Instead, "the weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case[,]" and so the court is to "carefully balance the important factors as they apply in a given case with the balance heavily weighted in favor of the exercise of jurisdiction." *Id*. (cleaned up).

5

A stay under *Colorado River* is appropriate, here. First, this federal action is parallel to one in the competent Georgia state courts—which was initiated before this one—involving the same parties and the same issues. Specifically, the Intervenors here brought a challenge to Greene's qualifications by asserting that she engaged in insurrection, which disqualifies her under Section 3 of the Fourteenth Amendment. (Doc. 3 ¶¶ 30-32; Doc. 38 at 2). Greene, however, defended herself against this challenge by asserting the same arguments in the challenge proceeding that she raises here, and seeks to further those arguments on judicial review. (*See* Exhibit A at 18-19; Exhibit D at 9-10). The State Defendants determined Greene was qualified, and now the Secretary of State must defend both his final decision and the constitutionality of the Challenge Statute on judicial review. Thus, this federal action involves the exact same parties and substantially the same issues as the ongoing state proceeding as required by *Colorado River. See Ambrosia Coal & Constr. Co. v. Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (stating Colorado River analysis is applicable as a threshold matter when federal and state proceedings involve *substantially* the same parties and *substantially* the same issues) (emphasis added).

As for the remaining circumstances of this case, they weigh heavily in favor of staying this action while the state action proceeds.  The state court

proceeding began *first* and is progressing much faster than the proceeding here. Specifically, in the state proceedings, Greene and the Intervenors have already had an evidentiary hearing pertaining to Greene's qualifications in OSAH, in which Greene presented and preserved the same constitutional arguments she raises here. (*See generally* Exhibit *A*). Judge Beaudrot issued an initial decision finding Greene qualified, (*see id*.), which the Secretary adopted as his final decision. (*See* Exhibit B). That decision is now before the Fulton County Superior Court on judicial review (Exhibit C), and Greene has moved to intervene so that she can raise her constitutional arguments as to why the Challenge statute is unconstitutional. (Exhibit D). Meanwhile, the proceedings in this Court have not even moved past the responsive pleadings phase, and a decision from the Eleventh Circuit pertaining to Greene's appeal of this Court's denial of her motions for a preliminary injunction and TRO is not even expected until sometime after oral argument, which is scheduled for the week of August 8, 2022. The State proceedings, however, generally move quite quickly as this Court has already recognized. (*See* Doc. 52 at 49-51).

Moreover, according to the Supreme Court, state courts are just as competent in answering federal constitutional questions as this Court. *Tafflin v. Levitt*, 493 U.S. 455, 458 (1990) ("state courts have inherent authority, and are thus presumptively competent, to adjudicate claims arising under the laws

7

of the United States.") (citations omitted); *see also Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 477–78 (1981) ("The general principle of state-court jurisdiction over cases arising under federal laws is straightforward: state courts may assume subject-matter jurisdiction over a federal cause of action absent provision by Congress to the contrary or disabling incompatibility between the federal claim and state-court adjudication."). Therefore, staying this action will not preclude Greene from having her constitutional challenges to the Challenge Statute decided by a court of competent jurisdiction which can adequately protect her rights. And should Greene disagree with the state courts' determination of her constitutional questions, then she can seek review by the U.S. Supreme Court. 28 U.S.C. § 1257(a); *see also Sears v. Upton*, 561 U.S. 945, 946 n.1 (2010) (concluding it had jurisdiction over state court decision because "it resolved a federal issue on exclusively federal-law grounds.").[4]

Because Georgia state courts are on the same footing as this Court to answer constitutional questions, the continued litigation in this court is a waste of judicial resources, time, and money for all parties involved, as the arguments being made here are duplicative of the arguments being made in

---

[4] Even if the state courts were not competent to consider Greene's constitutional claims, this Court should still stay the action until the Eleventh Circuit has ruled on the appeal, as Greene argues in her motion.

the Georgia state courts. The Supreme Court has characterized the *Colorado River* abstention doctrine as the federal courts ability to "refrain from hearing cases . . . which are duplicative of pending state proceedings." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716-17 (1996). A duplicative state proceeding is exactly what we have here, which can effectively resolve the issues before this Court and the outcome of which will likely moot this action. Accordingly, this Court should stay this case to preserve judicial resources and to save the parties of the time, expense, and effort of needlessly litigating the same issues in two different competent forums.

The Intervenors oppose Greene's motion to stay for the sole reason that they wish to take discovery in this case. But the relevant facts in this action are largely undisputed,[5] and the primary issue is one of law, not fact. Moreover, the issues in this case are likely to be rendered moot with the resolution of the state proceedings, and thus, any discovery would be nugatory.

---

[5] The Intervenors attempt to show this Court that there are facts in dispute that can only be resolved through discovery by pointing to several paragraphs of Greene's complaint that they dispute in their answer. (*Id.* at 5). But the facts they claim are in dispute pertain to either legal conclusions, such as this Court's jurisdiction or explanation as to what the Challenge Statute requires, or facts that are wholly irrelevant to the issue of whether the Challenge Statute complies with the Constitution. (*See* Doc. 3 ¶¶ 1, 3, 4, 5, 7, 8, 13, 15, 16, 20, 22, 23, 30, 34, 35, 36, 37, 41, 46, 52, 53, 57, 59, 60, 61, 63, 65, 67, 69, 70, 71, 73, 75, 76, 77).

## CONCLUSION

For the reasons discussed above, this Court should stay all further proceedings in this case pending resolution of the state proceeding.

Respectfully submitted this 3rd day of June, 2022.

Christopher M. Carr
Attorney General
Georgia Bar No. 112505

Bryan K. Webb
Deputy Attorney General
Georgia Bar No. 743580

Russell D. Willard
Senior Assistant Attorney General
Georgia Bar No. 760280

*/s/ Charlene McGowan*
Charlene McGowan
Assistant Attorney General
Georgia Bar No. 697316
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, GA 30334
cmcgowan@law.ga.gov
Telephone: 404-458-3658
Fax: 404-651-9325

*/s/ Lee M. Stoy, Jr.*
Lee M. Stoy, Jr.
Assistant Attorney General
Georgia Bar No. 884654
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, Georgia, 30334

10

lstoy@law.ga.gov
Telephone: 404-458-3661
Fax: 404-657-9932

*Counsel for Defendants Raffensperger and Beaudrot*

## CERTIFICATE OF COMPLIANCE

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Lee M. Stoy, Jr.*