UNITED STATES DISTRICT COURT
OF THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MARJORIE TAYLOR GREENE**, an individual, <br><br> *Plaintiff*, <br><br> v. <br><br> **MR. BRAD RAFFENSPERGER**, in his official capacity as Georgia Secretary of State, et al., <br><br> *Defendants*, <br><br> and <br><br> David Rowan, *et al.*, <br><br> *Intervenor Defendants*. | **Civ. No.   1:22-cv-01294-AT** |

## Plaintiff's Motion to Renew Stay

Plaintiffs Marjorie Taylor Greene ("**Rep**. **Greene**") respectfully requests that this Court renew the stay of all proceedings in this case until 35 days after Rep Greene's appeal is complete. Rep. Greene requests that this stay include, but not be limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences.

**Pl.'s Mot. to Renew Stay**                                      1

State Defendants do not oppose this Motion. The Intervenor Defendants do oppose this Motion and a stay of discovery.

## Procedural History

On April 1, 2022, Rep. Greene filed her *Verified Complaint for Declaratory and Injunctive Relief* (ECF 3). That same day, Rep. Greene filed a *Motion for Preliminary Injunction* (ECF 5), which was denied on April 18, 2022, (ECF 52). Rep. Greene immediately appealed this denial to the Eleventh Circuit (ECF 53).

On April 27, 2022, Rep. Greene filed her Appellant's Brief with the Eleventh Circuit. The Eleventh Circuit expedited this appeal, and all briefing has been concluded. Oral argument was held in the Eleventh Circuit on August 11, 2022.

Without a renewal of the stay, the parties would likely have overlapping deadlines in this Court, including various disclosures and the start of discovery.

## Argument

A court has broad discretion to stay proceedings, founded in its inherent power to control its docket. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). When deciding whether to grant a stay, courts generally consider the following factors: (1) whether a stay would unduly prejudice or present a tactical disadvantage to the nonmovant; (2) whether a stay will simplify the issues in the

**Pl.'s Mot. to Renew Stay**  2

case; and (3) whether discovery is complete and a trial date has been set. *Tomco Equip. Co. v. Se. Agri-Sys., Inc.*, 542 F. Supp. 2d 1303, 1307 (N.D. Ga. 2008).

Here, all factors weigh in favor of granting the stay. Not only would a stay *not* prejudice or disadvantage State Defendants or Challengers (given the posture of the case), it would promote judicial economy and efficiency by streamlining the issues in question. Finally, it would reduce the burden of litigation on all parties and the Court.

### I. A stay will not unduly prejudice or disadvantage State Defendants or Challengers.

Neither State Defendants nor Challengers will suffer prejudice or disadvantage if the stay is granted. The questions before this Court are legal, not factual. The parties have already stipulated to all the facts necessary for this Court to make its determination on the law, ECF 38, which it did when it denied the preliminary injunction.

Here, there is nothing to be gained by proceeding with this matter in this Court while the federal appeal is pending. Discovery is virtually irrelevant in the matter before this Court as the parties stipulated to all necessary facts. *Id.* The Eleventh Circuit will be considering this Court's legal analysis. This Court could reconsider its analysis, if necessary after the Eleventh Circuit's ruling, without the

need for any further discovery.

## II. A stay will simplify the issues in question and streamline the trial.

A stay pending the resolution of Rep. Greene's appeal, while it might not dispose of all questions, would narrow the issues pending and assist in the determination of the questions of law.

This factor weighs in favor of a stay.

## III. A stay will reduce the burden of litigation and promote judicial economy.

After this Court denied the preliminary injunction, state administrative proceedings were conducted. Both parties presented evidence to ALJ Beaudrot of the OSAH. An eight-hour OSAH hearing, with nearly three hours of testimony from Rep. Greene, was conducted on April 22, 2022. After the hearing, and after reviewing the evidence presented and post-hearing briefs, ALJ Beaudrot found that Rep. Greene was qualified to run for congressional office. Secretary of State Raffensperger confirmed ALJ Beaudrot's initial opinion in his final opinion. The Challengers filed an appeal with the Fulton County Superior Court of Secretary Raffensperger's final opinion. On July 25, 2022, Judge Brasher of the Fulton County Superior Court affirmed Secretary Raffensperger's final opinion. The Challengers sought review of the superior court's decision via a direct appeal to the

Supreme Court of Georgia. That court dismissed the Challengers' direct appeal, but held that the Challengers could seek review of the superior court's order via an application for discretionary appeal. This state appellate process, not this federal litigation, is the proper venue for determination of relevant factual questions, and that determination is proceeding under Georgia law.

Rep. Greene submits that it would reduce the burden of litigation on the parties and conserve judicial resources to allow her appeal to be completed prior to continuing the case in this court. Additionally, Rep. Greene submits that the most efficient way to proceed in this Court is with the full benefit of any decisions and orders from the Eleventh Circuit and/or the Supreme Court on the issues. Otherwise, this Court and parties may invest significant resources into this action only to find that the higher courts require a different legal analysis to be applied.

Moreover, while both the appeal and this Court are proceeding, the parties would continue to have overlapping deadlines in both this court and any potential state discretionary appeal. Not staying the proceedings in this Court would increase the burden to all parties and would go against the principles of judicial economy, as the parties will be forced to litigate in this district court, the federal appellate court, and the state appellate court simultaneously.

The principles of judicial economy favor the staying of these proceedings pending the resolution of the appeal. It will reduce the burden and expenses of all parties involved, it will conserve judicial resources, and will streamline the issues and questions thereby reducing the burden for litigation. This factor weighs in favor of granting the stay.

### IV. This case is in the early stages of litigation.

Litigation is still at an early stage. State Defendants have yet to file an Answer and no discovery has been initiated (and will remain unnecessary to determine the matters of law before this Court). On the contrary, significant time and resources have already been dedicated to litigation in the Eleventh Circuit, and it makes sense to stay this case until Rep. Greene's appeal is complete.

Additionally, as shown above, a stay at this stage would maintain the status quo. There is no injunction currently in place, so Georgia's process, including the state appellate process of the Challenge will continue to move forward, as allowed under law.

This factor weighs in favor of granting the stay.

### Conclusion

In order to preserve judicial and party resources, and to promote the most

**Pl.'s Mot. to Renew Stay**         6

efficient resolution of this case, Rep. Greene asks this Court to stay all proceedings, including, but not limited to, a suspension of all discovery and of the deadlines for filing further pleadings and conducting pretrial or scheduling conferences, until 35 days after Rep. Greene' federal appeal is complete, either:

- 35 days after parties' certiorari petition deadline (if neither party elects to file a certiorari petition), or
- 35 days after the Supreme Court issues a final decision (if one of the parties files a certiorari petition); whichever is later.

| | |
|---|---|
| August 15, 2022 | Respectfully Submitted, |
| */s/ David F. Guldenschuh* | /s/ James Bopp, Jr. |
| David F. Guldenschuh | James Bopp, Jr., Ind. Bar No. 2838-84* |
| GA Bar No. 315175 | Melena S. Siebert, Ind. Bar No. 35061-15* |
| David F. Guldenschuh P.C. | THE BOPP LAW FIRM |
| P.O. Box 3 | 1 South 6th Street |
| Rome, Georgia 30162-0333 | Terre Haute, Indiana 47807 |
| Telephone: 706-295-0333 | Telephone: (812) 232-2434 |
| Email: dfg@guldenschuhlaw.com | Facsimile: (812) 235-3685 |
| *Local Counsel for Plaintiff* | jboppjr@aol.com |
| | msiebert@bopplaw.com |
| | * Motions for *Pro hac vice* admission granted |
| | *Attorneys for Plaintiff* |

## Certificate of Compliance

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as required by the Court in Local Rule 5.1(B).

Respectfully submitted on August 15, 2022.

*/s/ James Bopp, Jr.*
Lead Counsel for Plaintiff
