IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **Marjorie Taylor Greene**, | Case No. 1:22-cv-1294-AT |
| Plaintiff, | |
| vs. | **Rowan Intervenors' Response in Opposition to the Plaintiff's Motion to Renew Stay** |
| **Brad Raffensperger**, in his official capacity as Secretary of State of the State of Georgia, *et al.,* | |
| Defendants, | |
| and | |
| **David Rowan,** *et al.,* | |
| Intervenor Defendants. | |

Intervenor defendants David Rowan, Donald Guyatt, Robert Rasbury, Ruth Demeter, and Daniel Cooper (collectively, the "Rowan Intervenors"), respectfully submit this response in opposition to to plaintiff Marjorie Taylor Greene's motion to renew the stay entered in this case on June 7. (ECF 72.) The Court should deny Representative Greene's motion because she cannot establish that further delay is warranted.

## Background

This is a constitutional challenge to an on-going state proceeding. Representative Greene, who is the incumbent member of the United States House of Representatives from Georgia's Fourteenth Congressional District, seeks injunctive relief halting a challenge under state law to her qualifications to seek re-election to that office.

Representative Greene brought this action on April 1, 2022, against Secretary of State Brad Raffensperger and other state officials. (ECF 3.) She filed a motion for a temporary restraining order and a motion for a preliminary injunction. (ECF 4, 5.) The Rowan intervenors—five voters who had challenged Greene's qualifications under state law—intervened as defendants. (ECF 33.)

This Court denied Representative Greene's motions on April 18 (ECF 52), and she appealed (ECF 53). The Eleventh Circuit granted Representative Greene's motion to expedite her appeal. (ECF 62.) That appeal has been fully submitted to the Eleventh Circuit and awaits decision.

The state-law challenge to Representative Greene's qualifications remains ongoing. On July 25, the Fulton County Superior Court issued a

final order affirming the Secretary of State's determination that Representative Green is qualified to be on the ballot. *See* Final Order, *Rowan v. Raffensperger*, No. 2022CV364778 (Fulton Cnty. Super. Ct. Jul. 25, 2022). Last Friday, the challengers filed an application for a discretionary appeal of that decision in the Georgia Supreme Court. *See Rowan v. Raffensperger,* No. S23D0071 (Ga. docketed Aug. 19, 2022).

## Legal Standard

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.'" *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). Moreover, a party requesting a stay of proceedings "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Landis*, 299 U.S. at 255. *See, e.g., Sturgis Motorcycle*

3

*Rally, Inc. v. Mortimer*, 2:14-cv-175-WCO, 2015 WL 11439078, at *6 (N.D. Ga. June 11, 2015) (applying *Landis*).

## Discussion

This Court has the duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, and Representative Greene has not made the case that a further stay would serve that purpose.

Importantly, this case is not about to become moot. Representative Greene argued in the Eleventh Circuit that this case falls within the exception to the mootness doctrine for cases capable of repetition but evading review. *See* Appellant's Reply Br., Greene v. Raffensperger, No. 22-11299 (11th Cir. June 21, 2022) at 3-6; *see, e.g,* *FEC v. Wisconsin Right to Life,* 551 U.S. 449, 462-64 (2007). Her attorney reiterated that pointed at oral argument. Oral Argument at 4:07, *Greene v. Raffensperger,* No. 22-11299 (11th Cir. Aug. 11, 2022), *available at* <https://www.ca11.uscourts.gov/system/files_force/oral_argument_recordings/22-11299.mp3>. And the Rowan intervenors agreed. *Id.* at 31:10.

In addition, there is no longer a risk of overlapping deadlines and burdensome litigation.  There is nothing more for Representative Greene to do at this point in either the Eleventh Circuit or the state-law challenge. Her litigation there is done.

Representative Greene argues that the defendants don't need any discovery because the case is purely legal. (ECF 72 at 3.) Not so. Representative Greene's First and Fourteenth Amendment claims (Counts I and II) depend in part on the extent of the burden on her rights.  She alleges, for instance, that she "would be subject to burdensome factual discovery" in the administrative proceeding. (ECF 3 at 16.) The extent of that burden is therefore an appropriate subject of discovery.

The possibility of damage to the Rowan Intervenors from the requested stay is obvious. They will be unable to conduct the discovery necessary to support their defenses for an indefinite period while Representative Greene pursues her appeals. As time passes, memories may fade; witnesses may die or disappear; documents may be deleted or lost; and events may lose their perspective. Justice delayed is justice denied.

It is time to get on with it.

## Conclusion

Having exercised her right to bring this litigation, Greene now seeks to avoid the responsibilities that come with that. One of those responsibilities is participating in discovery. Under the circumstances of this case, resuming discovery would not impose any greater hardship or unfairness on her than it would on any other federal litigant. This Court should therefore deny Greene's motion to stay.

6

Respectfully submitted this 23rd day of August, 2022.

*/s/ Bryan L. Sells*
Georgia Bar No. 635562
The Law Office of Bryan L. Sells, LLC
PO Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com

Ronald Fein*
John C. Bonifaz*
Ben Clements*
Courtney Hostetler*
FREE SPEECH FOR PEOPLE
1320 Centre St. #405
Newton, MA 02459
(617) 244-0234
rfein@freespeechforpeople.org

Jonathan S. Abady*
Andrew G. Celli, Jr.*
Sam Shapiro*
Andrew K. Jondahl*
EMERY CELLI BRINCKERHOFF ABADY WARD & MAAZEL LLP
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000
jabady@ecbawm.com
acelli@ecbawm.com


*Attorneys for the Rowan Intervenors*

* Admitted pro hac vice

**Certificate of Compliance**

Pursuant to L.R. 7.1(D), the undersigned hereby certifies that the foregoing document has been prepared in Century Schoolbook 13, a font and type selection approved by the Court in L.R. 5.1(B).

*/s/ Bryan L. Sells*

Bryan L. Sells