**Exhibit E**
**State's Response to Application for Discretionary**
**Appeal**

No. S23D0071

In the

# Supreme Court of Georgia

David Rowan, Donald Guyatt, Robert Rasbury, Ruth Demeter, and Daniel Cooper,

*Applicants,*

v.

Georgia Secretary of State Brad Raffensperger,

*Respondent,*

and

Marjorie Taylor Greene,

*Respondent-Intervenor,*

On Application for Discretionary Appeal
from the Superior Court of Fulton County
Case No. 2022CV364778

## RESPONSE IN OPPOSITION TO APPLICATION FOR DISCRETIONARY APPEAL

| | | | |
|---|---|---|---|
| Christopher M. Carr | 112505 | Russell D. Willard | 760280 |
| *Attorney General* | | *Sr. Assistant Attorney General* | |
| Bryan K. Webb | 743580 | Charlene McGowan | 679316 |
| *Deputy Attorney General* | | *Asst. Attorney General* | |
| | | Elizabeth Vaughan | 762715 |
| | | *Asst. Attorney General* | |

Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404) 458-3549
evaughan@law.ga.gov

*Counsel for Respondent
Raffensperger*

# **Table of Contents**

INTRODUCTION ........................................................................................... 1

STATEMENT ................................................................................................. 4

A.  Petitioners' Challenge and the Proceeding before OSAH ................. 4

  1. ALJ's Decision on the Burden of Proof ............................................... 5

  2. Notice to Produce ................................................................................. 6

  3. Hearing and the ALJ's Initial Decision .............................................. 7

  4. The Secretary's Final Decision ............................................................ 7

B.  Petition for Judicial Review and the Superior Court's Affirmance of
    the Secretary's Decision ..................................................................... 8

Argument....................................................................................................... 10

I.   The application should be dismissed because the superior court
     correctly affirmed the Secretary's decision based on the evidence in
     the administrative record.................................................................... 12

II.  The burden to prove whether Representative Greene is disqualified
     pursuant to Section 3 of the Fourteenth Amendment was properly
     placed on Petitioners. ........................................................................ 15

III. The superior court correctly affirmed the ALJ's decision to quash
     Petitioners' notice to produce. ........................................................... 18

CONCLUSION............................................................................................... 21

Certificate of Service.................................................................................... 22

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alexander Properties Grp. Inc. v. Doe,*
    280 Ga. 306 (2006) .................................................................... 19

*City of Gainesville v. Dodd,*
    275 Ga. 834 (2002) .................................................................... 13

*Gen. Motors, LLC v. Buchanan,*
    313 Ga. 811 (2022) ................................................................ 11, 19

*Handel v. Powell,*
    284 Ga. 550 (2008) .................................................................... 17

*Haynes v. Wells,*
    273 Ga. 106 (2000) ............................................................*passim*

*Williams v. State,*
    307 Ga. 778 (2020) .................................................................... 13

**Constitution, Statutes, and Rules**

18 U.S.C. § 2383 ............................................................................ 15

O.C.G.A. § 5-6-35 ...........................................................................5

O.C.G.A. § 21-2-5 ...................................................................*passim*

O.C.G.A. § 24-13-27 .................................................................. 9, 18

**Other Authorities**

Georgia Supreme Court Rule 34 ......................................................... 18

OSAH Rule 616-1-2-.07 .............................................................. 5, 15

OSAH Rule 616-1-2-.19 ................................................................... 18

## INTRODUCTION

Petitioners challenge the superior court's affirmance of the Secretary of State's decision that Marjorie Taylor Greene is qualified to be a candidate for the office of U.S. Representative for Georgia's Fourteenth Congressional District in the 2022 general election. Petitioners, a group of voters from the Fourteenth Congressional District, filed a candidate qualifications challenge against Representative Greene under O.C.G.A. § 21-2-5 (the "Challenge Statute"), an administrative process for challenging the qualifications of candidates for office through an expedited hearing before an administrative law judge ("ALJ"), with the Secretary making the final determination. Petitioners contend that Representative Greene should be disqualified from serving as a member of the U.S. House of Representatives because, as they allege, she voluntarily aided and engaged in insurrection after taking the oath to serve in the 117th Session of Congress, thus disqualifying her from serving as a member of Congress pursuant to Section 3 of the Fourteenth Amendment to the U.S. Constitution.

Following a hearing before the Office of State Administrative Hearings ("OSAH"), the ALJ entered an initial decision, finding that Representative Greene is qualified as a candidate for U.S. Representative because the evidence was insufficient to show that she engaged in insurrection after she took the oath of office. The Secretary issued a final decision that affirmed the ALJ's initial decision, findings

of fact, and conclusions of law. Petitioners then filed a petition for judicial review in the Superior Court of Fulton County. After a hearing, the superior court affirmed the Secretary's decision that Representative Greene is a qualified candidate.

Discretionary review is inappropriate in this case because Petitioners fail to demonstrate that reversible error exists or that establishment of precedent or development of the common law is desirable here. Petitioners focus on two pre-hearing decisions by the ALJ as grounds warranting appellate review. First, they contend that the ALJ erred by not requiring Representative Greene to bear the burden of proving that she had not engaged in insurrection or rebellion after taking her oath of office. Petitioners base this argument on their interpretation of *Haynes v. Wells*, 273 Ga. 106, 108-09 (2000), but *Haynes* did not establish a categorical rule that candidates must bear the burden of proof in *all* types of qualification challenges. And it makes little sense for a candidate to have to prove a negative in circumstances like this case.

Regardless, the superior court here did not even reach the issue of whether the burden was improperly shifted, because it found that the administrative record in this case was replete with evidence supporting the Secretary's determination. This record evidence was more than sufficient to satisfy any burden of proof that could be placed on Representative Greene as well as the any evidence standard for upholding the Secretary's factual determinations.

Second, Petitioners contend that the ALJ improperly quashed Petitioners' notice to produce to Representative Greene during the administrative review process. Petitioners misstate the holding of the superior court affirming that decision. The superior court did not hold that pre-hearing discovery is never permitted in an administrative proceeding—rather, it simply acknowledged that OSAH proceedings are not subject to the Georgia Civil Practice Act and its extensive provisions pertaining to discovery, and that Petitioners' specific notice to produce was an improper attempt to conduct extensive pre-hearing discovery. Petitioners chose to raise their grievances against Representative Greene within the context of an administrative challenge proceeding, fully aware of the attendant limitations imposed on administrative proceedings, including the expedited proceedings for candidacy challenges. The superior court was appropriately deferential to the discretion of the ALJ to manage the expedited administrative hearing process, and this decision does not warrant further appellate review.

Judicial review of administrative decisions is very limited. To reverse or modify the Secretary's decision, the appellant challenging the decision would have to show that his or her substantial rights were prejudiced because the Secretary's decision was (1) in violation of the Constitution or laws of this state; (2) in excess of the Secretary's statutory authority; (3) made upon unlawful procedures; (4) affected by other error of law; (5) clearly erroneous in view of the reliable,

3

probative, and substantial evidence on the whole record; or (6)
arbitrary or capricious or characterized by an abuse of discretion or a
clearly unwarranted exercise of discretion. O.C.G.A. § 21-2-5(e).
Petitioners not only failed to make that showing, they have also failed
to articulate how any of the alleged errors of the ALJ, the Secretary,
and the superior court warrant further review by this Court. The
Court should deny the Application for Discretionary Appeal.

## STATEMENT

### A. Petitioners' Challenge and the Proceeding before OSAH

Georgia law allows any elector who is eligible to vote for a
candidate to challenge the qualification of the candidate by filing a
written complaint with the Secretary within two weeks after the
deadline for qualifying. O.C.G.A. § 21-2-5(b). Petitioners submitted a
written complaint regarding Representative Greene, challenging her
qualifications as a candidate for the office of U.S. Representative on the
grounds that she is disqualified under Section 3 of the Fourteenth
Amendment. Application ("App.") App'x C at 1. The Secretary referred
the matter to OSAH and requested a hearing before an ALJ. *Id*.;
O.C.G.A. § 21-2-5(a).[1]

---

[1] Representative Greene brought a lawsuit raising both facial and as-
applied challenges to the Challenge Statute prior to the
commencement of the administrative hearing before OSAH and
sought preliminary injunctive relief. *Greene v. Raffensperger*, No. 1:22-

### 1.   ALJ's Decision on the Burden of Proof

Representative Green moved to establish the burden of proof and to set the burden of proof with Petitioners, in response to Petitioners' assertions that the burden should lie with Representative Greene to affirmatively prove that she did not engage in insurrection. *See* Prehearing Order at OSAH 00776.[2] The ALJ determined that, under OSAH Rule 616-1-2-.07, the burden of proof for the hearing would be on Petitioners. *Id.* at OSAH 00776–77. He noted that, in the typical challenge to disqualify a candidate under the Challenge Statute, "the issues are straightforward issues of a candidate's age, residency or the like," and "[i]n such cases, it is entirely appropriate that the burden of proof is on the candidate to establish these criteria are met." *Id.* at OSAH 00776 (citing *Haynes*, 273 Ga. at 106). But "[j]ustice does not require [Representative Greene] to 'prove a negative.' Justice in this setting requires that the burden is on Petitioners to establish that [Representative Greene] is disqualified by showing by a preponderance of the evidence that [Representative Greene] having 'previously taken an oath as a member of Congress . . . to support the Constitution of the

---

cv-1294-AT (N.D. Ga.). After denial of Representative Greene's motion for preliminary injunctive relief, *id.*, 2022 U.S. Dist. LEXIS 70961, 2022 WL 1136729 (2022), Greene appealed from that denial. *Greene v. Raffensperger*, No. 22-11299-W (11th Cir.). Oral argument in that appeal was held on August 11, 2022, but no opinion has issued as yet.

[2] The ALJ's prehearing order and the ALJ's order on petitioners' notice to produce are filed as attachments to this brief. O.C.G.A. § 5-6-35(e).

United States . . . engaged in insurrection or rebellion against the same, or [gave] aid or comfort to the enemies thereof' under the 14th Amendment to the Constitution." *Id*. at OSAH 00777.

### 2. Notice to Produce

Petitioners also served a notice to produce on Representative Greene, seeking production of documents in response to numerous requests within seven days of service and prior to the OSAH hearing, to which Representative Greene objected. The ALJ sustained Representative Greene's objection, stating, "[g]iven the expedited nature of this matter, it is impracticable and unrealistic to require [Representative Greene] to deliver a significant volume of material prior to the scheduled hearing date." Order on Notice to Produce at OSAH 00571–72. The ALJ observed that notices to produce in OSAH proceedings do not serve the same function as they do under the Georgia Civil Procedure Act and its extensive provisions pertaining to discovery. *Id*. at OSAH 00571 (citing *Ga. State Bd. of Dental Exam'rs v. Daniels*, 137 Ga. App. 706, 709 (1976)). He explained that notices to produce under the OSAH rule are not intended to serve as the basis for extensive pre-hearing discovery. *Id*. at OSAH 00571–72. Rather, the OSAH rule is designed to function in lieu of a subpoena duces tecum and to be used to ensure that documents which are in the possession of a party, and which will be used at the hearing by the requesting party, will be provided at the hearing. *Id*.

6

### 3.    Hearing and the ALJ's Initial Decision

The ALJ held a hearing on April 22, 2022, with hours of sworn witness testimony from Representative Greene and from Gerard N. Magliocca, Professor of Law at Indiana University, who testified about the history of Section 3 of the Fourteenth Amendment. App. App'x C at 2. The ALJ reviewed substantial evidence, including video recordings and written records proffered by the parties, along with the evidence reviewed at the hearing. *Id.* Representative Greene and Petitioners also submitted post-hearing briefs and various supporting exhibits on. *Id.* at 3.

The ALJ held that Representative Greene is a qualified candidate for U.S. Representative. *Id.* at 19. He found no evidence showing that Representative Greene participated in the January 6, 2021 invasion of the U.S. Capitol itself. *Id.* at 15. The only conduct by Representative Greene which the ALJ found that "could even possibly be interpreted as triggering the Disqualification Clause," *id.* at 16, was a statement made by Representative Greene during an interview on January 5, 2021, in which Representative Greene discussed her plans to challenge the results of the 2020 presidential election by supporting challenges to the certification of Electoral College votes. *Id.* at 5. When Representative Greene was asked, "What is your plan tomorrow? What are you prepared for?" she answered, "Well, you know, I'll echo the words of many of my colleagues as we were just meeting together in our GOP conference meeting this morning. This is our 1776 moment." *Id.* The

7

ALJ found that it was "impossible for the Court to conclude from this vague, ambiguous statement that Representative Greene was complicit in a months-long enterprise to obstruct the peaceful transfer of presidential power." *Id*. at 16–17.

### 4. The Secretary's Final Decision

On May 6, 2022, the Secretary issued the final decision, adopting the ALJ's initial decision and the findings of fact and conclusions of law and affirming that Representative Greene is qualified to be a candidate for the office of U.S. Representative for Georgia's Fourteenth Congressional District. App. App'x B at 2.

### B. Petition for Judicial Review and the Superior Court's Affirmance of the Secretary's Decision

Petitioners filed a timely petition for judicial review in the Superior Court of Fulton County, and on July 25, 2022, the superior court affirmed the decision of the Secretary. App. App'x at 1.[3] On the issue of the burden of proof, the superior court recognized that the *Haynes* decision did not address the type of challenge at issue in this case. *Id*. at 4. However, the superior court stated that it "need not reach the issue of whether the burden of proof was improperly shifted,

---

[3] In the petition for judicial review, Petitioners raised four issues on which they sought a reversal of the Secretary's decision or a remand. In the application for discretionary appeal, Petitioners have abandoned two of these issues and are raising only their arguments regarding the burden of proof and the ALJ's decision regarding the notice to produce to Representative Greene.

or indeed, could have been shifted, because the record is replete with Representative Greene's sworn testimony that she was not engaged in an insurrection, but rather that she hoped to encourage peaceful protest at the capitol on January 6th." *Id.* at 4. The superior court found this evidence to be "sufficient to meet any burden of proof placed on Representative Greene, which Petitioners would then need to present sufficient evidence to rebut. Petitioners failed to do so." *Id.* Accordingly, the superior court held that the Petitioners failed to demonstrate that their substantial rights were prejudiced as a result of the decision to shift the burden of proof. *Id.*

In regards to Petitioners' contentions that they were harmed by the ALJ's decision to quash their notice to produce, the superior court noted that OSAH is not subject to the Georgia Civil Practice Act and its extensive provisions pertaining to discovery. *Id.* at 5 (citations omitted). The superior court held that the OSAH rule on which Petitioners relied in issuing the Notice to Produce, OSAH Rule 616-1-2.19(2), is more akin to O.C.G.A. § 24-13-27. *Id.* Viewed through that lens, the superior court held that the Petitioners' efforts to use a notice to produce to conduct pre-hearing discovery was improper and that the ALJ did not err by refusing to permit it. *Id.* The superior court also noted that the ALJ did require Representative Green to appear and testify and that the Petitioners also had the opportunity to present additional witnesses. *Id.* at 5, n.3.

# ARGUMENT

This case neither involves reversible error nor involves issues needing appellate precedent. First, Petitioners contend that the ALJ and the Secretary improperly shifted the burden of proof to Petitioners by not requiring Representative Greene to prove that she did not engage in insurrection after taking her oath of office. However, the superior court did not have to rule on this issue because the evidence in the record is sufficient to satisfy any burden of proof placed on Representative Greene. Furthermore, the ALJ properly placed the burden on the Petitioners. *Haynes* dealt with proving qualifications like age or residency. It does not apply to a situation where a candidate would have to prove a universal negative like never having committed insurrection.

Secondly, Petitioners' assertion that this Court must grant review "to restore the right to document discovery in administrative proceedings in Georgia," App. at 18, distorts the superior court's holding. At no point did the ALJ or the superior court enter a ruling that would categorically bar the use of subpoenas, notices to produce, and depositions that are issued and taken within an administrative proceeding under the OSAH rules. During the administrative proceeding, the ALJ sustained Representative Greene's objection that, given the expedited nature of the proceeding and Petitioners' requesting "an extensive volume of material relating to extended periods of time and numerous events," it would be "impracticable and

unrealistic" to require Representative Greene to deliver a significant volume of material prior to the scheduled hearing date. Order on Notice to Produce at OSAH 00571–72. Both the ALJ and the superior court found that the manner in which Petitioners were attempting to use this specific notice to produce was improper within the scope of an OSAH proceeding. The rules for OSAH proceedings contemplate the proper use of notices to produce, and the OSAH procedures also provide the mechanism by which the ALJ may quash them. Despite Petitioners' unsupported allegations to the contrary, the superior court did not enter an order that presents an absolute bar to all discovery in administrative proceedings. App. at 17. Furthermore, this Court will not reverse a trial court's decision on discovery matters absent an abuse of discretion. *See Gen. Motors, LLC v. Buchanan*, 313 Ga. 811, 815 (2022).

Finally, the superior court's decision was made, as it was required to be made, under the standard of review set forth in O.C.G.A. § 21-2-5(e). Without showing that they have a substantial right that was prejudiced by the alleged errors of the ALJ and the Secretary, Petitioners failed to establish that the superior court should have reversed or modified the Secretary's decision. Petitioners have also failed to show how the superior court erred in not issuing a remand. The Court should deny the application.

11

## I. The application should be dismissed because the superior court correctly affirmed the Secretary's decision based on the evidence in the administrative record.

Petitioners contend that this Court should grant their application for a discretionary appeal in order to clarify the scope of the application of *Haynes*. App. at 12–15. However, in upholding the Secretary's decision, the superior court explicitly stated that it "need not reach the issue of whether the burden of proof was improperly shifted, or indeed, could have been shifted, because the record is replete with Representative Greene's sworn testimony that she was not engaged in an insurrection" and that her testimony "is sufficient to meet any burden of proof placed on Representative Greene, which Petitioners would then need to present sufficient proof to rebut. Petitioners failed to do so." App. App'x A at 4.

Petitioners' statement in the application that the superior court "found that it was a harmless error," App. at 14, is incorrect. The superior court did not make a determination that the ALJ's placement of the burden of proof on Petitioners was erroneous. App. App'x A at 4. Rather, given the specific role the superior court plays in reviewing the Secretary's decision under the Challenge Statute, the superior court's ruling in this matter is more akin to that of an appellate court,

affirming the Secretary's decision under the "right for any reason rule," pursuant to which an appellate court will affirm a judgment if it is correct for any reason, even if it is different than the reason upon which the trial court relied. *City of Gainesville v. Dodd*, 275 Ga. 834, 835 (2002) (citing *Gwinnett County Bd. of Tax Assessors v. Gwinnett I Ltd. Partnership*, 265 Ga. 645 (1995)). As such, this Court "will affirm the judgment of a lower court so long as it is right for any reason, even if it is based upon erroneous reasoning." *Williams v. State*, 307 Ga. 778, 784 (2020) (quoting *Shadix v. Carroll County*, 274 Ga. 560, 564 (2001)).

Here, even if the shifted burden could somehow be found to violate a universal rule established by *Haynes* as to *both* qualifications to hold and disqualifications preventing the holding of an office, it is clear from the administrative record that Representative Greene would have satisfied any burden placed upon her to prove the negative based on the evidence in the record. Further review of the decision of the superior court, which found that it did not need to rule on the scope of the *Haynes* decision and the placement of the burden of proof, would not be an issue worthy of further appeal, as the administrative record in this case includes ample evidence that, as the superior court found,

13

would have met any burden of proof that could have been placed on Representative Greene.

Petitioners also make the bald assertion that "[n]owhere does the judge find that Representative Greene's testimony is credible." App. at 14. They also state that "[n]owhere does the judge suggest that the outcome would have been the same even if Representative Greene had the burden of proof." *Id.* However, the ALJ relied on and referenced Representative Greene's testimony at the OSAH hearing throughout the findings of fact. App. App'x C at 4–12. The ALJ also made the explicit finding of fact that, "[i]n her testimony at the hearing on this matter, Rep. Greene denied having advance knowledge of the Invasion, or that she was in any way involved in its planning or execution." *Id.* at 11, ¶ 40. In fact, the ALJ only found one potential statement by Representative Greene that could possibly be interpreted as triggering the Disqualification Clause, and the ALJ ultimately rejected Petitioners' argument that the phrase "[t]his is our 1776 moment" was a coded call to violent insurrection. *Id.* at 16. As such, because the ALJ and Secretary's decision were correct based on the evidence in the administrative record, regardless of the placement of the burden of

proof, this Court should not grant the application for discretionary appeal.

## II. The burden to prove whether Representative Greene is disqualified pursuant to Section 3 of the Fourteenth Amendment was properly placed on Petitioners.

Even if it were at issue, the ALJ correctly placed the burden of proof. OSAH Rule 616-1-2-.07(2) permits an administrative law judge to shift the burden of proof in a matter when "law or justice requires," as the ALJ did in this case. Petitioners argue that this administrative rule should not apply to a candidate challenge based on the Georgia Supreme Court's decision in *Haynes v. Wells*, 273 Ga. 106, 108-09 (2000). App. at 12–15. But in the typical challenge to disqualify a candidate under the Challenge Statute, "the issues are straightforward issues of a candidate's age, residency or the like," and "[i]n such cases, it is entirely appropriate that the burden of proof is on the candidate to establish these criteria are met." Prehearing Order, OSAH 00776 (citing *Haynes*, 273 Ga. at 106). Indeed, the issue in *Haynes* was the straightforward issue of whether the candidate was eligible to vote in the district and was, thus, ineligible to run for the district's school board seat. 273 Ga. at 106. The Supreme Court held that, because the candidate was required under the Elections Code to file an affidavit attesting that he was eligible to vote in the election, the burden of proof should be place on the candidate to demonstrate his qualifications. *Id.* at 108-09.

15

Here, the ALJ concluded that justice in this case called for the burden of proof to be on the challengers to prove that Representative Greene, after taking the oath of office, engaged in insurrection and is, until such disability is removed by Congress, disqualified from office pursuant to Section 3 of the Fourteenth Amendment. To place the burden of proof on Representative Greene to prove that she did not engage in insurrection would, as Representative Greene argued, place a burden on her to prove a negative. That makes no sense. By contending that she "engaged" in an insurrection, Petitioners are, in essence, accusing Representative Greene of committing a felony under federal law. *See* 18 U.S.C. § 2383 ("Whoever incites, sets on foot, assists, or engages in any rebellion or insurrection against the authority of the United States or the laws thereof, or gives aid or comfort thereto, shall be fined under this title or imprisoned not more than ten years, or both; and shall be incapable of holding any office under the United States.") It is entirely unclear how Petitioners can support an argument that "law or justice" would require a person accused of a crime to prove his or her innocence or disprove his or her alleged guilt by a preponderance of the evidence. It is also not even clear how this would be done—does the candidate have to prove what she was doing at every minute of every day? Otherwise, a challenger could always assert that she had failed to account for some of her time when she *might* have been committing insurrection.

Even if the ALJ's decision to place the burden of proof on
Petitioners resulted in the Secretary's final decision being "made upon
unlawful procedures" or "affected by other error of law," Petitioners
have still failed to show how "substantial rights of [Petitioners] have
been prejudiced" by this alleged error, as is required for this Court to
reverse or modify the Secretary's decision. O.C.G.A. § 21-2-5(e).  That
is, even if the ALJ's decision to place the burden of proof on Petitioners
was in error, it would, at worst, be a harmless error. The superior court
further underscores this position in its Order, based on the sworn
testimony of Representative Greene that she was not engaged in an
insurrection.  App. App'x A at 4.

Furthermore, the superior court held that Petitioners failed to
demonstrate that their substantial rights were prejudiced as a result of
the decision to shift the burden of proof.  *Id.*  Petitioners contend that
an error of law would have "necessarily prejudiced" substantial rights
in a challenge to a candidate's qualification under O.C.G.A. § 21-2-5.
App. at 14–15.  In support of this argument, Petitioners cite *Handel v.
Powell*, 284 Ga. 550, 553 n.3 (2008); *see* App. at 15. But the Court in
that case simply noted that an error of law in the Secretary's decision
that a candidate did not meet the residency requirement "has
necessarily prejudiced a substantial right *of the candidate* since the
right to seek election to public office derives from every Georgia
citizen's statutory right 'to hold office, unless disqualified by the
Constitution and laws of this state.'" *Handel*, 284 Ga. at 553 n.3

17

(quoting O.C.G.A. § 1-2-6(a)(5)) (emphasis added). That is nothing like this case, because here, the candidate remains on the ballot and has not been disqualified. Having failed to show that Petitioners had a substantial right that was prejudiced by the Secretary's decision, Petitioners did not and cannot make the threshold showing for the reversal or modification of the Secretary's decision, and they fail to identify how this case would satisfy the standard for a grant of a discretionary appeal under Georgia Supreme Court Rule 34.

## III. The superior court correctly affirmed the ALJ's decision to quash Petitioners' notice to produce.

OSAH Rule 616-1-2-.19 provides that a party may serve a notice to produce in order to compel production of documents or objects in the possession, custody, or control of another party, in lieu of serving a subpoena. Like OSAH's procedures for quashing a subpoena, a notice to produce may be quashed by the ALJ if it appears that: (1) the notice to produce is unreasonable or oppressive; (2) the testimony, documents, or objects sought are irrelevant, immaterial, or cumulative; (3) the notice to produce is unnecessary to a party's preparation and presentation of its position at the hearing; or (4) basic fairness dictates that the notice to produce should not be enforced. OSAH Rule 616-1-2-.19 (1)(e) and (2)(c).

The ALJ acted within the scope of this rule when he sustained Representative Greene's objection and found that, given the expedited nature of these proceedings, it would be "impracticable and unrealistic

to require [Representative Greene] to deliver a significant volume of
material prior to the scheduled hearing date." Order on Notice to
Produce at OSAH 00571-72. The ALJ also observed that notices to
produce in OSAH proceedings do not serve the same function as they do
under the Georgia Civil Procedure Act and its extensive provisions
pertaining to discovery, and he stated that notices to produce under the
OSAH rule are not intended to serve as the basis for extensive pre-
hearing discovery. *Id.* at OSAH 00571–72. The ALJ held that the
OSAH rule regarding a notice to produce is designed to function in lieu
of a subpoena duces tecum and to be used to ensure that documents
which are in the possession of a party, and which will be used at the
hearing by the requesting party, will be provided at the hearing. *Id.*

The superior court, in turn, correctly noted that OSAH is not
subject to the Georgia Civil Practice Act and its extensive provisions
regarding discovery. App. App'x A at 5. The superior court also
observed that the OSAH rule regarding notices to produce upon which
Petitioners rely is more akin to O.C.G.A. § 24-13-27, and viewed
through that lens, Petitioners' efforts to use the notice to produce was
improper. *Id.* Furthermore, this Court "has repeatedly held that it will
not reverse a trial court's decision on discovery matters absent a clear
abuse of discretion." *Gen. Motors, LLC v. Buchanan*, 313 Ga. 811, 815
(2022) (quoting *Ambassador College v. Goetzke*, 244 Ga. 322, 323
(1979)); *see also Alexander Properties Grp. Inc. v. Doe*, 280 Ga. 306, 307
(2006) ("The grant or denial of a motion for protective order generally

19

lies within the sound discretion of the trial court[ ], and the exercise of that discretion is reviewed on appeal for abuse." (citation omitted)).

Petitioners have not, and cannot, establish that they have a "substantial right" (as required for a reversal or modification of the Secretary's decision under O.C.G.A. § 21-2-5(e)) relating to the notice to produce, nor can they establish that they were prejudiced by not being able to engage in extensive discovery prior to the OSAH hearing. Petitioners could have availed themselves of other tools under the OSAH rules to prove their case, including subpoenaing additional witnesses – which they elected not to do. Petitioners failed to establish grounds for the superior court to reverse or modify the Secretary's decision in this matter.

Finally, Petitioners' assertion that this Court should grant the application for discretionary review "to restore a limited right to discovery in administrative hearings" is completely unfounded. *See* App. at 15. In the context of this expedited proceeding, based on the finding that it "is impracticable and unrealistic" to require Representative Greene to deliver a significant amount of material prior to the hearing date, the ALJ sustained Representative Greene's objection to this specific notice to produce. The superior court likewise found that Petitioners' efforts with this particular notice to produce were improper. App. App'x A at 5. Petitioners are making an absurd leap, unsupported by any aspect of the record, to read either the ALJ's decision or the superior court's decision as creating an absolute barrier

to the proper use of OSAH rules to secure documents or testimony in administrative proceedings.

## CONCLUSION

For the reasons set out above, this Court should deny Petitioners' application for discretionary appeal.

*/s/ Elizabeth Vaughan*
Christopher M. Carr          112505
   *Attorney General*
Bryan K. Webb               743580
   *Deputy Attorney General*
Russell D. Willard          760280
   *Sr. Assistant Attorney General*
Charlene McGowan            679316
   *Assistant Attorney General*
Elizabeth Vaughan           762715
   *Assistant Attorney General*

Office of the Attorney General
40 Capitol Square, SW
Atlanta, Georgia 30334
(404)-458-3549
evaughan@law.ga.gov

*Counsel for Respondent Secretary of State Raffensperger*

21

# CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, I electronically filed the foregoing Response in Opposition to Petitioner's Application for Leave to Appeal, and I have served the following attorneys via electronic mail, per the agreement of the parties:

Bryan Sells
The Law Office of Bryan L. Sells, LLC
Post Office Box 5493
Atlanta, Georgia 31107-0493
Telephone: (404) 480-4212
Email: bryan@bryansellslaw.com
*Attorney for the Applicants*

David F. Guldenschuh
David F. Guldenschuh P.C.
P.O. Box 3
Rome, Georgia 30162-0333
Telephone: 706-295-0333
Email: dfg@guldenschuhlaw.com
*Local Counsel for Intervenor-Respondent Marjorie Taylor Greene*

James Bopp, Jr.
Melena S. Siebert
THE BOPP LAW FIRM, PC
The National Building
1 South 6th Street
Terre Haute, Indiana 47807
Telephone: (812) 232-2434
Email: jboppjr@aol.com
Email: msiebert@bopplaw.com
*Counsel for Intervenor-Respondent*

*/s/ Elizabeth Vaughan*
*Counsel for Respondent*
*Secretary of State*
*Raffensperger*